COMMONWEALTH *vs.* LOAMMI G. RICHARDSON & another.

Middlesex.    March 29. — May 12, 1886.    W. ALLEN & HOLMES, JJ., absent.

An instrument purporting to be a lease of a great pond, under the Pub. Sts. *c.* 91, § 12, is not admissible in evidence without proof of the genuineness of the signatures of the commissioners on inland fisheries attached thereto; and a certificate of the Secretary of the Commonwealth, attached to the instrument, certifying that the persons signing the same were at the time such commissioners, and that their signatures are genuine, is not the certificate contemplated by the Pub. Sts. *c.* 169, § 70, and does not render the instrument admissible in evidence.

A complaint on the Pub. Sts. *c.* 91, § 27, for unlawfully fishing in a certain pond, need not aver that the pond is a great pond or an artificial pond, nor that the defendant was not lawfully engaged in cultivating or maintaining said fish.

At the trial of a complaint on the Pub. Sts. *c.* 91, § 27, for illegally fishing in a great pond, it appeared that a lease of the pond by the commissioners of inland fisheries had been made to the inhabitants of the town in which the pond was situated; that the lease was in possession of the town officers, and was recorded in the town records; and that there were repeated votes appropriating money to stock the pond with fish, choosing committees to stock the pond and other committees to look after the pond, receiving and acting on the reports of their fish committees, accepting the rules and regulations made by them for the use of the pond, changing the times of fishing therein, and directing their fish committee to apply for changes to the commissioners. *Held,* that these facts afforded ample evidence, as against the defendant, that the inhabitants were lawfully the lessees of the pond; although there was no formal vote of the town accepting the lease.

At the trial of a complaint on the Pub. Sts. *c.* 91, § 27, for illegally fishing in a great pond, the defendant is not entitled to a ruling that fishing for any other fish than those which were the only useful fish alleged to be cultivated in the pond would be no offence.

A person who paddles a boat, in which another is fishing in violation of the Pub. Sts. *c.* 91, § 27, may be convicted of illegally fishing, within that statute, as a participant in the offence.

COMPLAINT on the Pub. Sts. *c.* 91, § 27, to the First District Court of Eastern Middlesex, alleging that Loammi G. Richardson

and Henry Harnden, on September 14, 1885, at North Reading, " unlawfully did fish in a certain pond there situate in said North Reading, commonly known as Martin's Pond, the whole of said pond being then and there a place where fish, to wit, land-locked salmon, were then and there lawfully cultivated and artificially maintained by the inhabitants of the town of North Reading aforesaid, and they, the said Loammi G. Richardson and Henry Harnden, not then and there having permission from the said inhabitants of said town of North Reading to so fish as aforesaid, and the said inhabitants of the said town of North Reading being then and there the proprietors of said pond and said fish, and said pond not being then and there one of a number not exceeding six in number, which the commissioners on inland fisheries may occupy, manage, and control, and not leased by them for the purpose of cultivating useful fishes and of distributing the same within said Commonwealth, and against the peace of the said Commonwealth, and the form of the statute in such case made and provided."

The defendants filed a motion to quash the complaint, assigning the following grounds therefor :

" 1. Because there is no averment that said Martin's Pond is a great pond containing more than twenty acres, or an artificial pond. 2. Because there is no averment that the defendants were not lawfully engaged in cultivating or maintaining said fish, and were thereby the owners."

This motion was overruled. The defendants were tried and found guilty ; and appealed to the Superior Court.

In that court, before the jury were empanelled, the defendants renewed the motion to quash, which motion was overruled.

The defendants were then tried before *Bacon*, J. The jury returned a verdict of guilty ; and the defendants alleged exceptions, which appear in the opinion.

*A. V. Lynde & W. P. Harding*, for the defendants.

*E. J. Sherman*, Attorney General, for the Commonwealth.

DEVENS, J. In order to show that the pond in which the defendants were alleged to have fished was one which had been leased by the commissioners of inland fisheries, the government offered in evidence what purported to be a lease of said pond by them to the inhabitants of North Reading, together with a

certificate of the Secretary of the Commonwealth.  This lease bore date on the first day of July, 1880, was produced by the town officers, and appeared to have been recorded in the town records.  It purported to be signed by two of the commissioners, and also by five other persons, two of whom were selectmen of the town, and the others members of the committee on fisheries in the town of North Reading.  These five latter signatures did not show in what capacity the signers assumed to act. The certificate of the Secretary, under the seal of the Commonwealth, is dated March 16, 1885, and states that, at the date of the lease annexed thereto, the persons whose names are borne on the lease as commissioners were of the board of commissioners on inland fisheries; and " that to their acts and attestations, as such, full faith and credit are and ought to be given, in and out of court, and that their signatures thereto are genuine." There were no subscribing witnesses to any signatures to the lease, nor any evidence of the genuineness of the handwriting or signatures except said certificate.  Against the objection of the defendants, the court admitted this lease and certificate as evidence, without further proof of the signatures or genuineness of the handwriting.

The Pub. Sts. c. 91, § 16, provide that the commissioners shall have the custody of all leases that may be made by them under the provisions of that chapter.  By c. 169, § 70, "copies of books, papers, documents, and records in the executive and other departments of the Commonwealth, duly authenticated by the attestation of the officer having charge of the same, shall be competent evidence in all cases equally with the originals thereof, if the genuineness of the signature of such officer is attested by the Secretary of the Commonwealth under its seal." That which the certificate of the Secretary is to attest is the authenticity of the signatures of those officers having charge of the document of which copies are to be offered in evidence, and who themselves are to attest the authenticity of the copies.  It is as the proper custodians of the document that they attest its authenticity, and not as having themselves executed it; and the Secretary does not attest the signatures of those who signed the original, but of those who now have it in charge.  The government did not seek to put in evidence a copy authenticated by

those having the lease properly in charge, and the genuineness
of whose signatures was attested by the Secretary under the
seal of the Commonwealth.   Had it done so, it may be that
no proof would have been necessary of the signatures or hand-
writing of those commissioners who had executed the original
lease, or of the town officers.   Such a duly authenticated copy
of a public document, showing an official act done by commis-
sioners in discharge of a lawful duty, and produced from proper
custody, having been made competent evidence, proof of hand-
writing or signatures is necessarily dispensed with.   Such proof
would indeed be impossible in relation to a copy.   Where an
office copy of a deed may be put in evidence, it is not, *prima
facie*, necessary to call attesting witnesses, or prove the hand-
writing of the signer of the original, or its due delivery by
him, although the party affected thereby may controvert them.
*Samuels* v. *Borrowscale*, 104 Mass. 207.   *Gragg* v. *Learned*, 109
Mass. 167.

The lease offered in the case at bar was not in the lawful
custody of those persons who are now the commissioners of
inland fisheries.   It had been left in the custody of the town
officers, and it was by putting the original in evidence that the
government sought to establish its case.   It was necessary to
establish the fact that at least those who signed as commis-
sioners were such at the date of the lease, and to prove their
handwriting.   The certificate of the Secretary did not aid in
this.   If the records of his office enabled him to state who were
the commissioners at a former time, when the lease was executed,
he may properly certify the record which shows this, but he
cannot certify that this fact appears by the record.   A certifi-
cate from a public officer that certain facts exist, or appear by
the records of his office, is not competent evidence of such facts.
*Robbins* v. *Townsend*, 20 Pick. 345.   *Wayland* v. *Ware*, 109
Mass. 248.   *Hanson* v. *South Scituate*, 115 Mass. 336.   Nor is
the certificate of the Secretary competent upon the question
whether the signatures to the original lease are genuine.   He is
not authorized by law to attest them.   As to matters which he
is not authorized by law to attest, his certificate is extra-official,
can have no higher weight than that of a private citizen, and is
therefore inadequate to make the proof required.   *Oakes* v. *Hill*,

14 Pick. 442, 448. The lease offered as an original required some additional proof of its authenticity, and was therefore improperly admitted. For this reason a new trial will be necessary.

We proceed to consider briefly such other questions, raised by the bill of exceptions, as it seems probable may hereafter be presented. The motion to quash the complaint was properly overruled. It followed the language of the statute, and comes within the well-settled rule, that an indictment may be made in the words of a statute, without a particular detail of facts and circumstances, when, by using those words, the act in which an offence consists is fully, directly, and expressly alleged, without any uncertainty or ambiguity. Pub. Sts. *c.* 91, § 27. *Commonwealth* v. *Welsh*, 7 Gray, 324. *Commonwealth* v. *Barrett*, 108 Mass. 302. *Commonwealth* v. *Tiffany*, 119 Mass. 300.

The defendants further contend that, even if the lease or a proper copy be admitted, the facts do not furnish any evidence that the inhabitants of North Reading were the proprietors or lessees of the pond. There was no formal vote to accept a lease of the pond, but there were repeated votes appropriating money to stock the ponds with fish, there being another pond included in the lease, choosing committees to stock the ponds, and other committees to look after the ponds, receiving and acting on the reports of their fish committees, accepting the rules and regulations made by them for the use of the ponds, changing the times of fishing therein, and directing their fish committee to apply for changes to the commissioners on inland fisheries. These facts, taken in connection with the fact that the lease was in the possession of the town officers, and produced by them at the trial, and appeared to have been recorded on the town records, afforded ample evidence, as against the defendants, that the inhabitants were lawfully the lessees of the pond.

The request for an instruction that fishing for any other fish than land-locked salmon (which was the only useful fish alleged to be cultivated in the pond) would be no offence, should not have been granted. The taking of any other fish there would be illegal. Pub. Sts. *c.* 91, §§ 12, 24, 27.

The request for an instruction that Harnden could not be convicted on evidence that he was only paddling the boat was

properly refused. The instruction to the jury, "that they might find, from all the facts disclosed in evidence, that these parties were fishing, and they must so find beyond a reasonable doubt in order to convict either of the defendants," was all to which Harnden was entitled. If the only act done by him was paddling the boat, under this instruction the jury must have found that he did this in participation with the illegal act of fishing.

*Exceptions sustained.*