ALPHONSE DE RIESTHAL, MOSES AMBERG, GUSTAVE E. DE RIESTHAL, trading as A. DE RIESTHAL & CO. *vs.* WILLIAM WALTON, Trustee, &c.

*Copy of a Deed of assignment executed in Ohio—Evidence— Name of Corporation—Condemnation of the Practice of introducing Original papers in the Argument of a Cause in the Appellate Court.*

A paper purporting to be a copy of an assignment for the benefit of creditors, executed in the State of Ohio, without seal, without attesting witness, and not purporting to have been executed before any officer of the law, certified by a person purporting to be Clerk of the Probate Court of Cuyahoga County in said State, and under the seal of the Court as a copy "of a deed of assignment" filed in that Court, is not admissible in evidence in the absence of some proof that by the law of Ohio such a paper was operative and effective as a deed, and was required to be recorded or filed in that Court, and that a copy was made evidence of its execution, and did away with the necessity for any further proof of execution and delivery.

A paper purporting to be a copy of the same assignment, from the records of the same Court in Ohio, with an order of the Court thereon to the trustee to give bond, &c., certified under the seal of the Court by the person professing to be clerk of the Court, and the person professing to be Judge of the Court certifying to the official character of the clerk, and that his attestation was in due form, such instrument not being so executed as to entitle it to record, and a copy of such record to be evidence in this State, is not admissible as evidence of title, without proof of the law of Ohio giving the Probate Court jurisdiction of the subject.

The omission of the word "The" in signing the name of the corporation to the deed of assignment, is not fatal to the subscription.

The practice of introducing into the Court of Appeals the original papers offered in evidence in the lower Court, instead of having them embodied in the record, condemned.

De Riesthal & Co. *vs.* Walton.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Frank X. Ward,* for the appellants.

*Edwin Higgins,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellants instituted attachment proceedings in the Court of Common Pleas of Baltimore City against the Cleveland Non-Explosive Lamp Company to recover ($5850) five thousand eight hundred and fifty dollars, and laid their attachment in the hands of sundry garnishees in the City of Baltimore who were indebted to "The Cleveland Non-Explosive Lamp Company." Both the plaintiffs and the debtor were non-residents of the State. The appellee, claiming to be assignee of the "Cleveland Non-Explosive Lamp Company," appeared and claimed to be entitled to the funds attached; and moved to quash the attachment for a supposed defect in the affidavit. This motion was overruled; and though the same is not before us, (as there is no cross appeal by the claimant) we deem it proper to say we think the motion was properly overruled; and that it does sufficiently appear in the certificate of the officer that the account on and by which the indebtedness accrued, was produced at the time the affidavit was made, which was the only objection relied on in support of the motion.

The motion to quash being overruled, issue was joined on the claim of the appellee; and the same was tried before the Court without the intervention of a jury.

Two exceptions were taken, which involve substantially the same question, namely the admissibility of the appellee's evidence of title. He offered a paper purporting to be a copy of an assignment for the benefit of creditors to him, by the Cleveland Non-Explosive Lamp Company, and of the endorsement thereon of the appellee's acceptance of the trust. This paper was without seal, without attesting witness, and did not purport to have been executed before any officer of the law. It is certified by a person purporting to be clerk of the Probate Court of Cuyahoga County of the State of Ohio, and under the seal of the Court as a copy of "a deed of assignment" filed in that Court. Being offered as a *copy* of a deed, in the absence of some evidence that by the law of Ohio such a paper was operative and effective as a deed, and that such deed was required to be recorded or filed in that Court, and that a copy was made evidence of its execution, and did away with the necessity for any further proof of execution and delivery, it was clearly not admissible. The record does not show that such evidence was produced in the Court below; and it has not been supplemented by agreement of counsel that such evidence was admitted in the Court below.

The paper offered in the second exception contains a copy of the same assignment, but differently certified. It is certified as a copy from the record of proceedings in the Probate Court of Cuyahoga County in the State of Ohio, in which Court that instrument is certified to have been filed, and upon which that Court had ordered the trustee to give bond in the penal sum of sixty thousand dollars for the performance of his trust, which is also certified to have been done. All this is certified under the seal of the Court by the person professing to be clerk of the Court; and the person professing to be Judge of the Court certifies, that the person, who certifies as clerk of the Court, is such clerk, and that his attestation is in due form. It was offered, we may suppose,

as a record of proceedings in a Court of another State, and it was admitted no doubt upon the view that it was such a record, and that being certified in accordance with the Act of Congress in such case provided, it was decided to be admissible. Examination of the record shows there was no direct adjudication that the paper was good and valid. By requiring bond of the trustee under it, the Court incidentally recognized it as creating a trust. It purports to be a transcript of the record "in the matter of the deed of assignment of the Cleveland Non-Explosive Lamp Company to William Walton and his qualification as trustee." The question still remains as to what the law of Ohio is on the subject; by what authority such paper is filed in that Court, and the extent and effect of the Court's taking jurisdiction over it and directing bond under it.

The record contains no evidence on the subject. Under our law such instrument is not so executed as to entitle it to record and make a copy of such record evidence of its due execution and delivery. To justify its admission here in support of title to credits against attaching creditors, it ought to be established in some way that the assignment was executed and delivered. That which was done may have that effect; but there should be proof that the law of Ohio requires such paper to be filed in the Probate Court which certifies it, and requires that Court to take charge of the trust and require bond to be given. Authority can hardly be necessary for this, but we refer to *Gardner vs. Lewis*, 7 *Gill*, 377; *Green & Trammell vs. Trieber*, 3 *Md.*, 28, and *Wilson & Co. vs. Carson & Co.*, 12 *Md.*, 74. If that paper was by the law of Ohio required to be taken to the Probate Court and to be deposited or recorded there for that Court's action, then the action which that Court did take upon it as certified, would be evidence under the 37th section of Article 37, of the Code; and the copy contained in that transcript would be evi-

De Riesthal & Co. *vs.* Walton.

dence of title. The authentication of the proceedings of the Court contained in the transcript seems to be conformable to the Act of Congress, and the only prerequisite to its admissibility is proof of the law of Ohio giving the Probate Court jurisdiction of the subject. We do not think the contention of appellants that the omission of the word " The " in the signing of the name of the corporation is fatal to the subscription, ought to be sustained. It is too clear throughout the instrument that " The Cleveland Non-Explosive Lamp Company " was making the instrument, and the signature sufficiently represents the maker. In this case the original papers offered in evidence were brought before this Court instead of being embodied in the record. We know of no law justifying this practice, and subjecting the records of the lower Court to the danger of loss. We have often reprobated the practice, and now do so again in this form in the hope of suppressing it. This Court should have a record and nothing else for its members.

*Judgment reversed, and*
*new trial awarded.*

(Decided 21st January, 1887.)


Judges STONE and BRYAN dissented.