## St. Louis Loan and Investment Co. v. J. W. Yantis, Use, etc.

1. BUILDING ASSOCIATIONS — *Effect of Assignment of Stock, After Notice of Withdrawal.*—An assignment of stock of a building association after notice of withdrawal has been served, is a mere assignment of a demand against the association, and does not make the assignee a stockholder, and in case suit is instituted it should be in the name of the assignor.

2. SAME—*Certificate Issued to Local Stockholder Binding on Foreign Association as Against Foreign Charter or Statute.*—Where a foreign building and loan association comes into this State to do business it can have no greater rights than domestic associations of like character, and where its charter or the statute of the State under which it was incorporated provides restrictions for the withdrawal of stock not contained in ours they will not be permitted to prevail over the terms of the certificate which is issued to the Illinois stockholder.

3. SAME—*Deductions from Amount Paid in by Withdrawing Stockholder.*—There is no provision in the statutes of this State for deducting a net loss from the amount to be paid a withdrawing stockholder of a building association, and as long as such an association transacting business in this State, though organized under the laws of another State, is a going concern and doing business, it must pay a withdrawing stockholder without any such deduction.

**Assumpsit,** on building association stock. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

PALMER, SHUTT, HAMILL & LESTER, attorneys for appellant.

McGUIRE & SALZENSTEIN, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On the 26th of June, 1893, J. W. Yantis subscribed for and became the owner of four shares, of the par value of $2,000, of the capital stock of the St. Louis Loan and Investment Company, a Missouri corporation doing business in Illinois.

It was provided by the certificate issued to him that he should pay as dues ten dollars for the period of ninety-six months, at which time the stock should mature. It also contained a provision that the stock could be withdrawn at any time on giving fifteen days notice, in which event the holder should be repaid all he had paid as dues and six per cent interest thereon.

After paying $280 as dues Yantis, early in November, 1895, gave written notice of his election to withdraw and on the 4th day of that month delivered his pass book and certificate to John G. Drennan, who was at the time representing the company at Springfield, Illinois. The company declined to pay upon the ground that there were no funds on hand applicable to the payment of withdrawals, and because no action could be taken until a meeting of the directors of the company.

On the 29th of November, 1895, Yantis made an assignment of his stock to David R. Levy, and on the following day this suit was commenced to recover the amount of dues paid and six per cent interest thereon. A jury was waived and the case was tried by the court, who found for the plaintiff, and rendered judgment against the defendant for the full amount of the dues paid and six per cent interest, amounting to $329.50.

Upon the trial of this case in the Circuit Court it was contended as a matter of law that, as between the plaintiff and David R. Levy, the plaintiff was estopped from maintaining the suit against the defendant by reason of his having sold and assigned his stock to Levy. That contention was embodied in a proposition of law submitted to the court and refused. It is now insisted upon as a ground for reversing the judgment.

We can not regard the transfer of the stock to Levy as more than a mere assignment of Yantis' demand against appellant. It did not make Levy a stockholder. To accomplish that the certificate required a formal transfer to be made on the books of the company. If Yantis' notice of withdrawal was sufficient he became thereby a creditor, and

when he made the assignment to Levy, the stock not being negotiable paper, it was necessary to bring the suit in his name.

Appellant denies the sufficiency of the notice of withdrawal given by Yantis. It was provided by the statute of Missouri under which appellant was organized and did business, that any stockholder wishing to withdraw should give thirty days' notice of such intention, and that the notice should be given at a regular meeting of the board of directors. The certificate which was issued to Yantis contained this clause: "Stock can be withdrawn at any time upon giving fifteen days notice, when the holder will receive the dues paid in with interest at the rate of six per cent per annum." It is clear that this clause in the certificate violates the provision of the Missouri statute above mentioned. Appellant, therefore, contends that any provision of the certificate fixing a shorter time for notice of withdrawal is absolutely void.

There is in the statute of Illinois no such inhibition with reference to the length of notice which the stockholder must give of his intention to withdraw as that contained in the Missouri statute. Where a foreign building and loan association comes into this State to do business it can have no greater rights than domestic associations of like character, and where its charter or the statute of the State under which it was incorporated provides restrictions for the withdrawal of stock not contained in ours, they will not be permitted to prevail over the terms of the certificate which is issued to an Illinois stockholder. We are clearly of the opinion that the notice for withdrawal was sufficient, not only with reference to length of time, but also with reference to the manner in which it was given. Yantis, after applying to John G. Drennan, the collector and local representative of appellant at Springfield, followed the directions of Drennan, and gave just such notice as he suggested and the certificate required.

In reply to appellee's notice for withdrawal, appellant's secretary, at St. Louis, wrote appellee that the State super-

visor of Missouri had taken charge of the company, and sent a report of the supervisor showing that the company had been so managed that it had sustained a net loss of forty per cent. In a section of the Missouri statute it is provided that "should there have been a net loss instead of a net gain, then such withdrawing stockholder shall receive the actual amount paid, less his proportion of the net loss." It was contended in the court below and is here contended, that because of that statutory provision, and the fact that there had been in the management of the affairs of the company a net loss of forty per cent, no greater judgment could be rendered than sixty per cent of the amount paid, even if it be held that the notice for withdrawal was sufficient. Waiving the question of whether there was in fact a net loss we are not disposed to apply that provision of the Missouri statute. Under our statute there is no provision for deducting for net loss in event of withdrawal. As long as a building and loan association is a going concern and doing business it must pay a withdrawing stockholder without any such deduction. There is nothing in the record of this case showing that appellant is not a going concern. The letter of Johnson, the secretary, shows that it was to continue in business under a plan of the supervisor to overcome the loss which had been sustained.

Numerous propositions of law were tendered to the court by appellant and refused. They were to the effect that the statutes of Missouri control and govern the rights of the parties with reference to the notice of withdrawal and the amount of appellant's liability. In refusing them the court evidently entertained the views expressed by us, and we hold that they were rightfully refused without further extending this opinion.

The judgment below is right and should be affirmed.