THE ST. LOUIS LOAN AND INVESTMENT COMPANY
*v.*
J. W. YANTIS.

[173     321
[110a    201

*Opinion filed April 21, 1898—Rehearing denied June 10, 1898.*

1. LOAN ASSOCIATIONS—*right of member to withdraw from a foreign association doing business here.* A foreign loan association doing business in Illinois can impose no greater restrictions upon the right of a resident shareholder to withdraw his stock than may be imposed by similar domestic associations under our statutes.

2. SAME—*notice of withdrawal need not be in writing.* The notice of a stockholder's intention to withdraw his stock from a loan association need not be in writing, under the laws of Illinois.

3. SAME—*withdrawing member need not prove condition of treasury.* A shareholder suing a loan. association in assumpsit after giving thirty days' notice of his intention to withdraw his stock, need not prove affirmatively that at the maturity of his notice his demand did not exceed one-half the amount in the treasury applicable to withdrawals, or that the directors had consented to using the funds to pay his demand, such facts being matters of defense.

4. EVIDENCE—*unauthenticated statement of affairs of association is not admissible.* In an action by a withdrawing member against a loan association to recover the amount of his stock, an unauthenticated printed paper, purporting to be a statement of installment stock and of the resources, liabilities, gains and losses of the association to a certain day, is not admissible in evidence.

*St. Louis Loan and Invest. Co.* v. *Yantis,* 72 Ill. App. 597, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

PALMER, SHUTT, HAMILL & LESTER, and SAM. H. WEST, for appellant.

McGUIRE & SALZENSTEIN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an attachment, the declaration being in assumpsit, by the appellee, against the appellant company. But a single plea was filed,—that of non-assumpsit.   A jury was waived and the cause submitted to and heard by the court, and judgment in the sum of $329.50 entered in favor of the appellee.   The judgment was affirmed by the Appellate Court for the Third District on appeal, and the appellant, having been granted a certificate of importance, has prosecuted a further appeal to this court.

It appeared in the evidence the appellant is a corporation organized under and by virtue of the laws of the State of Missouri providing for the organization of mutual saving fund loan and building associations; that it was doing business in the State of Illinois and had an agent in Springfield; that the appellee, a citizen and resident of Illinois, subscribed for four shares of its capital stock, and that a certificate was duly issued to him as a stockholder in the said corporation.   This certificate contained, among others, the following provision: "Stock can be withdrawn at any time upon giving fifteen days' notice, when the holder will receive the dues paid in, with interest at the rate of six per cent per annum."   The statute of the State of Missouri, under which the appellant became incorporated, provided that any shareholder should have the right to withdraw "by giving thirty days' notice of the said intention to withdraw, such notice being given at a regular meeting of the board of directors, * * * and shall be entitled to receive, on demand, the amount paid in by him or her, and such proportion of the .profits as the by-laws may determine, less all fines and other charges.   Should there have been, however, a net loss instead of a net gain, then such withdrawing stockholder shall receive the actual amount paid, less his proportion of such net loss.   At no time, however, shall

more than one-half of the unloaned funds in the treasury of the corporation be applicable to the demands of the withdrawing shareholders without the consent of the board of directors." It appeared in the proof the appellee gave thirty days' verbal notice to the said agent of the company at Springfield of his intention and desire to withdraw his shares, and afterwards gave a notice in writing of his intention to withdraw, more than fifteen days before the institution of the suit.

It is first complained the notice of the intention to withdraw was insufficient. The statutes of the State of Illinois provide for the organization of corporations of the like character of that of the appellant company, and we held in *Stevens* v. *Pratt*, 101 Ill. 206, and *Granite State Provident Ass.* v. *Lloyd*, 145 id. 620, that foreign corporations of like character doing business in this State should have no greater or different powers, and should be subject to the same liabilities, restrictions and duties, as domestic corporations under the said statute, and in the case last cited we held that no greater restrictions upon the rights of a resident shareholder in a foreign association to withdraw his stock could be imposed than such as were provided by the statutes of Illinois relative to the right to withdraw from a home corporation. The provisions of the statute of Illinois in force at the time this contention arose, affecting the right of a shareholder to withdraw, were as follows: "And any stockholder wishing to withdraw from the said corporation shall have power to do so by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount paid in by him or her, and such interest thereon, or such proportion of the profits thereon, as the by-laws may determine, less all fines and other charges: *Provided*, that at no time shall more than one-half of the funds of the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors."

(1 Starr & Curtis' Stat. 1896, chap. 32, par. 113, p. 1047.) It is not essential that a notice to withdraw should be in writing, and we find in the record evidence amply tending to show the appellee gave verbal notice of his intention to withdraw at least thirty days before the institution of the suit. The requirement of the certificate that fifteen days' notice of the intention to withdraw must be given was complied with, and we need not therefore determine whether such requirement was inoperative, as being a restriction upon the right to withdraw in addition to the restrictions of the law of our State.

It is next contended that under the statutes of the State of Missouri and of this State a withdrawing stockholder, in order to recover a judgment against the association, is required to prove that at the time his notice of withdrawal matured his demand did not exceed onehalf of the funds in the treasury of the association, or that the directors of the association consented the fund should be applicable to the payment of the amount due on his shares. If the condition of the treasury of the association may, under the laws of either State, be invoked as a bar to an action brought by a withdrawing stockholder, it is a matter of defense, and affirmative proof with relation to it is not required in order to sustain the action. We do not find in the record any competent testimony relative to the amount of funds in the treasury of the appellant company at the time in question.

It appears from the record the appellant company offered in evidence a printed instrument which purports to be a "statement of installment stock" in the appellant company on the first day of October, 1895, and of the "resources, liabilities, gains and losses" to the same date, and a letter to the president of the appellant company, to which is attached, in print, a signature, as follows: "Lon V. Stevens, Supervisor, by H. L. Gray, Deputy." The appellee objected to the introduction of the said printed instrument, and the same was received by the

court subject to the objection. It was not in any way authenticated, and we are aware of no rule of evidence which would justify its consideration by the court. We must assume, in view of the judgment rendered by the trial court, it was not regarded as legitimate evidence.

The appellee recovered a judgment in the amount paid by him to the company and six per cent interest thereon. This was the sum contracted to be allowed by a stipulation in the certificate issued by the appellant company to the appellee. Section 1 of article 3 of the by-laws of the appellant company provides a withdrawing member shall receive the full amount paid in, with interest as specified in the certificate, and the amount to be paid as provided by the statute of the State of Illinois is the amount paid in, and such interest thereon as the by-laws of the association may determine. It is therefore manifest the judgment was in the amount warranted by the laws of this State, and, as we have seen, it is the statutes of this State which are to have operation in such cases.

The remaining complaint is that a judgment in favor of a withdrawing stockholder should not be awarded against an insolvent association of this character, and that this is equally true in a case where insolvency appears as a matter of fact as well as where it has been declared by the judgment or decree of a court and the association placed in the hands of a receiver. We need not enter into a discussion of the points involved in this contention, for the reason we do not find in this record any competent evidence the appellant company was insolvent. As proof of such insolvency it relied solely upon the printed circular letter which we have hereinbefore referred to and held to be inadmissible as matter of evidence.

Finding no error in the record the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*