## Domestic Building Association v. John A Jourdain.

1. MUTUAL BENEFIT SOCIETIES—*By-laws Are a Part of the Contract of Membership.*—The by-laws of a mutual benefit society are a part of the contract of membership and when a member seeks to avail himself of the right of withdrawal, he is entitled to exercise it only in accordance with such by-laws.

2. SAME—*Non-borrowing Stockholder Who Has Given Notice of Withdrawal Has No Cause of Action Where There Are No Funds Applicable to Withdrawal.*—A non-borrowing stockholder who has given notice of withdrawal can not maintain a cause of action for the amount paid in by him to the association, where, under the provision of the statute which provides that at no time shall more than one-half the funds in the treasury be applicable to withdrawals, there is no money in the treasury of the association legally applicable to the payment of his claim.

Assumpsit.—For money paid to a building and loan association. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed October 30, 1903.

E. T. NOONAN, attorney for appellant.

J. C. HENDRICKS, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee became a member of the appellant association, which, as its name imports, is what is described in the statute as " a mutual building, loan and homestead association." (R. S., Chap. 32, Sec. 78 *et seq.*) Having subscribed for ten shares of one of the series of capital stock, appellee paid into the association the sum of $295 as the payments became due. May 2, 1898, he filed a notice of withdrawal, as he was entitled to do under the act (Section 83a–6b, chapter 32, R. S.) in accordance with which appellant is organized, upon giving thirty days' notice of such intention to withdraw. Thereupon he became " entitled to receive the full amount of dues paid in on the shares sought to be withdrawn and such interest thereon as fixed in the by-laws," etc., subject, however, to provisions, two of which are as follows : " Provided, that the amount of such interest or profits paid on withdrawals shall not exceed the actual rate of earnings of the association; provided, further, that at no time shall more than one half of the funds in the treasury of the association be applicable to the demands of withdrawing members, or the payment of matured shares, without the consent of the board of directors."

The by-laws of the association which, under the statute, are required to be made a part of the " certificate of the complete organization of the association," after being approved by the attorney-general (R. S., Chap. 32, Sec. 80), contain the following provisions :

" Section 22. All members desiring to withdraw their deposits shall receive the amount paid in (except member-

ship fees) and six per cent interest thereon, and such portion of the profits, if any, as the directors may allow. Upon making such payment the stock and pass-book shall be surrendered and canceled and a receipt in full given.

"Section 23. Withdrawal notices shall be numbered in the order in which they are filed with the secretary, and shall be considered by the board in such order."

It appears from the undisputed evidence that at the time appellee filed his notice of withdrawal, there were on file prior notices of withdrawal by other stockholders aggregating $67,318.02, which were unpaid. The cash in the association's treasury at the time amounted to $638.08. It also appears that after appellee filed his said notice of withdrawal the association received in the ordinary course of business up to the time when this suit was instituted, cash to the amount of $54,617.09, of which it paid out $32,362.42 on account of such prior notices of withdrawal by other stockholders, leaving a considerable sum still due and unpaid to withdrawing stockholders, having priority under the by-laws over appellee. At the time when this suit was begun, there was still due withdrawing stockholders whose applications had been filed before that of appellee something over $18,000. Appellee brought suit in assumpsit and has recovered in the Circuit Court judgment for the amount paid in by him to the association and interest, amounting to $361. The cause was submitted to the court, a jury being waived.

It is contended on the part of appellant that the finding and judgment are contrary to the evidence, inasmuch as it is shown that there were no funds in the treasury of the association which could be applied to the payment of appellee's withdrawal demand. We are obliged to agree with this contention. The by-law which requires withdrawal notices to be numbered in the order of their being filed with the secretary, and considered by the directors in that order, was acquiesced in by appellee when he became a member of the association, and became a part of his contract of membership as much as other provisions of the charter and by-laws governing the association. When he sought to

avail himself of the right of withdrawal, he was entitled to exercise it only in accordance with these by-laws. (See Collins v. Cobe, 104 Ill. App. 142–145.) The validity of that by-law is not questioned. The provision of the statute that at no time shall more than half the funds in the treasury be applicable to withdrawals seems to contemplate a condition such as existed here, where the applications for withdrawals far exceeded any sum the association would be likely in the ordinary course of business to have on hand at any one time. It was entirely reasonable, therefore, to provide that such applications should be considered and paid in the order of their presentation. The income of these associations arises from dues and interest paid usually in monthly installments, and while an association is a going concern, the statute contemplated that half of the funds should be retained and used for the ordinary business of the association which it was organized to conduct, and the balance only be applied in paying off the claims of those who wished to withdraw before the maturity of their shares in due course.

There has been some conflict of authority as to the right of a non-borrowing stockholder who has given notice of withdrawal to maintain an action and take judgment when it appears that there is no money in the treasury of the association legally applicable to the payment of his claim. In some jurisdictions the right to proceed to judgment has been recognized, but the right to an execution has been held subject to be restrained when it may seem equitable to the trial court, in order to give the association time to collect the money without undue embarrassment. The inconsistency of the reasoning which gives a judgment but forbids its collection, is, we think, quite apparent. If the debt is due and payable then the suitor is entitled to judgment not only, but to execution in due course. If it is not due and payable, it is difficult to see why he should be entitled to judgment. The better view, we think, and now generally adopted, is stated in Heinbokel v. National Savings Loan and Building Association, 58 Minn. 340. In that case it is said :

"The right to withdraw and to receive back what has been paid into the treasury by a member of the association exists solely by virtue of the by-law or the statute. If this right to receive money out of the treasury is made to depend upon its condition, the right is not perfect or absolute until that condition exists. We think the by-law and the statute equally plain, and to mean that, until there is money available for the purpose, no cause of action exists. This is the conclusion of the chief justice, who dissented in the Englehardt case, and also that reached by the Supreme Court of Texas in May, 1890—Texas Homestead B. & L. Ass'n, v. Kerr, which we have been unable to find reported except in 13 S. W. Rep. 1020."

To the same effect is Englehardt v. Fifth Ward Permanent Dime Savings Bank & Loan Ass'n, 148 N. Y. 281 (reversing a contrary decision by the general term of the Supreme Court), in which a by-law providing for payment of withdrawing stockholders in the order of their application is said to be a reasonable regulation, binding upon the plaintiff, although in that case enacted after he became a member.

Our attention is called to St. Louis Loan Co. v. Yantis, 72 Ill. App. 597, which is affirmed in 173 Ill. 321. We do not regard the opinions in that case as conflicting with the views we have stated. For the reasons indicated we are of opinion that appellee was not entitled to recover under the evidence, and the judgment of the Circuit Court will be reversed without remanding.