# THE CHESAPEAKE & POTOMAC TELEPHONE COMPANY *vs.* RICHARD E. S. LYSHER.

*Negligence—Blind Man Falling into Hole in Sidewalk—Question of Contributory Negligence for the Jury.*

Plaintiff, a blind man, while walking alone in a city street with which he was well acquainted, and feeling his way by tapping the curb stone with a stick in his right hand, fell into a hole in the sidewalk which had been dug by the defendant and left unguarded. In an action to recover damages for the injury thereby caused, *held*, that the failure of the plaintiff to discover the condition of the sidewalk in front of him by using his walking stick was not, as matter of law, such contributory negligence as to bar his recovery, but that the questions of defendant's negligence and of plaintiff's contributory negligence should be submitted to the determination of the Jury.

*Decided January 7th, 1908.*

Appeal from the Superior Court of Baltimore City (SHARP, J.), where there was a verdict for the plaintiff for $400.

*Plaintiff's 1st Prayer.*—If the jury find that the plaintiff is a blind man twenty-five years old, a broom sewer by trade, and accustomed to going about the streets alone, well acquainted with the west side of Bradford street between Federal and Lanvale streets, the particular locality mentioned in evidence in this case, and was lawfully passing along the footway or pavement on the west side of Bradford street between Federal and Lanvale streets, in the city of Baltimore, and was using ordi-

nary care; such as a reasonably, prudent man, in his condition as to sight, would be expected to exercise, and fell into a.hole dug in the said footway or pavement on said street by the defendant, its servants or agents, for the purpose of planting therein a telephone pole, and the said hole was open and un-protected, and the said plaintiff suffered injury therefrom, then their verdict should be for the plaintiff. (*Granted.*)

*Defendant's 3rd Prayer.*—If the jury find from the evidence that the plaintiff was blind and while walking along Bradford street, fell into a hole dug in the edge of the sidewalk, about a brick's length from the curb stone in said street, and that while approaching the said hole on said sidewalk the plaintiff kept his cane (if they find he had a cane), on the outer edge of said curb stone, and did not feel in front of him on said side-walk, while approaching said hole, with his said cane, and if they further find from the evidence that if he had felt in front of him on said sidewalk with his said cane, he would have discovered said hole, then, the plaintiff cannot recover in this action and the verdict must be for the defendant. (*Refused.*)

*Defendant's 4th Prayer.*—If the jury believe the plaintiff by the exercise of the care required of a blind man, by feeling the pavement in front of him could have discovered the presence of the hole and thereby have avoided the accident, that his failure to make this discovery was contributory negligence upon his part, and the verdict of the jury must be for the de-fendant. (*Refused.*)

The cause was argued before BRISCOE, BOYD, SCHMUCKER BURKE, and ROGERR, JJ.

*Geo. Dobbin Penniman,* for the appellant.

*Arthur P. Shanklin* and *Alexander Hardcastle, Jr.,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff is a blind man living at No. 1622 North Brad-ford street, Baltimore City. He was employed at the Mary-

land School for the Blind, as a broom-sewer in one of its work
shops.   He was injured, on the 20th day of January, 1906,
while walking on the west side of Bradford street between
Federal and Lanvale streets, by falling into a hole, which had
been dug in the sidewalk, and left open and unguarded by the
defendant corporation.

The declaration states that the defendant is a corporation
owning and operating a telephone service in the city of Balti-
more and State of Maryland.   That on or about the 20th day
of January, 1906, the defendant by its servants and agents dug
in the sidewalk on the west side of Bradford street between
Federal and Lanvale streets a deep hole and left the same open
and unguarded, and the plaintiff while walking on Bradford
street in the ordinary pursuance of his business fell into the
hole dug by the defendant, its servants and agents, and left
unprotected and unguarded by them, and by reason of the
negligence of the defendant and its servants and agents in
charge of the digging of the hole was grievously injured, and
the plaintiff used due care but the defendant did not use due
care.

The principal question before us is the ruling of the Court
upon the prayers, and this will require an examination of the
evidence set out in the record.

The plaintiff was the chief witness and testified that he lived
with his brother-in-law at 1622 N. Bradford street, that he
had been blind for twenty-one years and was employed in the
workshop at the Maryland School for the Blind.   That he
had been connected with the school for twelve years, and he
had been employed in the broom shop of the school for four
years.   That in going from his home on Bradford street to the
School for the Blind, which is on the north side of North ave-
nue between Calvert street and Guilford avenue, he walked
south on the west side of Bradford street to Federal street
and east on the north side of Federal street to the northeast
corner of Milton avenue and Federal street, where he boarded
a car and rode to Guilford and North avenues.   He then left
the car and walked across the pavement following the inner

curb of the pavement to the steps of the workshop, and that he had been going over the same ground for four years. That he moved along the street by passing his cane over the street in front of him, feeling along with his cane, following the curbstone as much as he could. He further testified that he was hurt on Saturday, January 20th, 1906. That he went to work that morning and left the shop at five minutes of twelve; that, at the time he fell he was following the curb-stone with his cane in the same way he always did. He fell in the hole as he was walking on the pavement with his stick in his right hand, in the same way he always used it. He was running it along the edge of the curb as he always did and he stepped into the hole. There was nothing around the hole to warn him there was an obstruction. That he was severely hurt about hip, arm and back. There was further testimony to the effect that the hole in which the plaintiff fell had been dug by the agents of the defendant corporation along the footway or pavement of the street for the purpose of planting a telephone pole and the hole was open and unprotected at the time of the accident.

The defendant's prayer, offered at the close of the plaintiff's case, to the effect that the uncontradicted evidence on the part of the plaintiff shows that he failed to use his stick to determine the condition of the pavement in front of him and thereby walked in a hole which he could have discovered by the exercise of proper care on his part and was thereby injured was properly rejected. This proposition upon the evidence was clearly a question for the jury.

At the conclusion of the evidence the plaintiff offered two prayers, both of which were granted and the defendant offered twelve, of which the fifth, sixth, ninth and twelfth were granted and all the others were rejected.

The plaintiff's first and second prayers were properly granted, and have frequently been sustained by this Court in damage cases, where the case is submitted to the jury and need not be discussed here.

The Court committed no error in overruling the special ex-

ceptions to these prayers.    There was evidence to sustain the propositions asserted by them, if believed by the jury.

It is plainly apparent, we think, that if the rejected prayers of the defendant had been granted by the .Court below it would have been a manifest invasion of the province of the jury in determining the question of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff.    These were both questions for the consideration of the jury under the facts of the case, and were fully and fairly submitted to the jury under the plaintiff's and defendant's granted prayers.    The vital question in the case was whether the plaintiff, a blind man, exercised due care in passing along the sidewalk on the west side of Bradford street on the day of the accident.    By the defendant's fifth prayer the question of due care was directly submitted to the jury, to the effect that if the jury believed the accident would not have happened if the plaintiff had used proper care on his part, then the verdict of the jury must be for the defendant.

By its ninth prayer the jury were further told that if they believe that both the plaintiff and defendant were negligent, then their verdict must be for the defendant, as the plaintiff could not recover if his negligence contributed to the accident,

The standard of care sought to be fixed in such cases by the defendant's rejected prayers is not "the ordinary care" sanctioned by the adjudicated cases.    *Fennemen* v. *Holden*, 75 Md. 7.

In *Sleeper* v. *Sandown*, 52 N. H. 244, where a blind man, in the day time walked off the side of an unobstructed bridge sixteen feet in width, which was defective for want of a rail and suffered an injury, it was held that the Court could not say, as matter of law, that his fault contributed to the accident; but it was for the jury, after considering his familiarity with the road, his ability arising from the increased acuteness, fidelity and power of his other senses or otherwise, and all the circumstances of the case, to say, whether he was guilty of carelessness in attempting to pass the bridge without a uid e.

In *Smith* v. *Wildes*, 143 Mass. 556, a somewhat similar case, in a suit against the keeper of a shop for personal injuries occasioned to the plaintiff, a blind man, while walking unattended along a street in a city, by falling into a hole in the sidewalk of a street, it was held that the questions of due care on the part of the plaintiff and negligence on the part of the defendant were for the jury, under the facts of the case. *Harris* v. *Uebelhoer*, 75 N. Y. 174; *Stewart* v. *Ripon*, 38 Wis. 584; *The City of Franklin* v. *Harter*, 127 Indiana, 446.

For the reasons stated, it follows there was no error of which the appellant is entitled to complain, in the rulings of the Court upon the prayers, and as the case was properly submitted to the jury, the judgment will be affirmed.

*Judgment affirmed, with costs.*