SCHAEFER *v.* PUBLIX PARKING SYSTEMS ᴇᴛ ᴀʟ.

[No. 330, September Term, 1960.]

*Decided July 7, 1961.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Herbert L. Grymes,* for appellant.

*Alva P. Weaver, III,* and *Robert E. Coughlan, Jr.,* with whom were *J. Marshall Neel* and *Lord, Whip, Coughlan & Green* on the brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

The appellant, an elderly woman, sued the appellees, Mayor and City Council of Baltimore and Publix Parking Systems (Publix), for damages for personal injuries sustained as the result of a fall on a sidewalk in Baltimore City caused by an allegedly defective condition in said sidewalk, known to both defendants.

It will not be necessary to state the facts in detail, because there are but two points raised for our determination, one relating to the exclusion of evidence, the other to the court's

instructions to the jury. The accident occurred on December 6, 1958, after dark, when the appellant was proceeding southerly on the sidewalk on the west side of Liberty Street. About 30 feet south of Clay Street, she stepped into a depression or drop in the sidewalk, fell and broke her ankle. The point where she fell was an entrance to the premises occupied by Publix. The case was submitted to a jury, and, after a verdict in favor of the defendants and judgment entered for costs against the appellant, she has appealed.

## I

The appellant claims the court erred in "neglecting to include in its charge an instruction requested, relative to the defendants' *responsibility* to *aged* or *afflicted* pedestrians." (Emphasis ours.) In support of this contention, she states: "The Court has on many occasions set out the necessity of not charging all pedestrians with the same responsibilities. It has recognized the need for legal protection for persons who have disabilities," citing *Chesapeake & P. Tel. Co. v. Lysher,* 107 Md. 237, 68 A. 619. She continues by referring to 141 A.L.R. 722 (n) under a heading "Care required and duty toward pedestrians under disability," and quotes from a case therein mentioned thus: "So, one whose sight is dimmed by age, or a near-sighted person whose range of vision was always imperfect, or one whose sight has been injured by disease, is each entitled to the same rights, and may act upon the same assumption [relying upon the belief that the street is in a reasonably safe condition to walk upon]." After several similar quotations, she concludes this contention by repeating from the case of *Fletcher v. City of Aberdeen,* 338 P. 2d 743 (Wash.) : "The city is charged with knowledge that its streets will be used by those who are physically infirm as well as those in perfect physical condition."

There can be little doubt that all parties to a law suit are entitled to have the jury properly instructed upon their theories of the case. *State v. Barlly,* 216 Md. 94, 140 A. 2d 173. But this statement presupposes that evidence has been adduced to support the theory of any particular party. The trial courts, in presenting their instructions to the juries, are

not required to give the juries merely abstract statements of the law that have no relation to the facts of the case being tried. The difficulty with the appellant's position here— assuming, without the necessity of deciding, that she would have been entitled to the requested instruction under proper circumstances—is that there is not a shred of evidence of any physical handicap or disability on her part. Although she was seventy-nine years old at the time of the accident, she testified that no one judged her to be that age because she was so alert and active, and could get around so well. And she testified that even though she used bifocal glasses, her eyes were so good she was capable of threading the finest needle. Under the circumstances, it seems clear that any instruction concerning "the physically infirm," or "pedestrians under disability," would have amounted to no more than a statement of an abstract proposition of law that bore no relation to the issues then before the jury for determination.

The law seems to be well settled that a plaintiff in a negligence case, not too old to be appreciative of danger, is not entitled to a special instruction, either on the question of the defendant's primary negligence or on the question of the plaintiff's contributory negligence, relating to plaintiff's age, in the absence of a showing that his or her faculties, either physical or mental, were impaired in some manner or degree. *Orear v. Jacksonville R. & L. Co.*, 217 Ill. App. 563, 569; *Quigley v. Yellow Taxicab Co.*, 196 N. W. 198 (Mich.); *Le Count v. Farrand*, 171 A. 623 (Conn.); *Becker v. Blum*, 194 So. 275 (Fla.); *Von Hulse v. Schmiemann*, 223 N.Y.S. 921 (App. Div.); 5-6 *Huddy, Ency. of Automobile Law*, Sections 113, 115. Compare, 1 *Shearman and Redfield, Negligence*, Section 107 (Rev. Ed.).

## II

The appellant's other assignment of error was the refusal of the trial court to admit into evidence a letter. The letter was quite short. It was written by an attorney to the City Solicitor. It stated that the attorney had been consulted by a person "with reference to injuries caused by a defective sidewalk located on the west side of Liberty Street, about thirty feet south of Clay Street;" that the "accident" occurred on

November 6, 1958, at about 6:10 p.m.; and that the attorney was writing the City Solicitor before filing suit, so that he could contact the attorney.

The letter was produced as the result of a subpoena *duces tecum* by one Leroy Brundick, who was an employee of the Bureau of Highways, Baltimore City. The letter was not necessary to prove notice of the alleged defect in the sidewalk on the part of either of the defendants; they both admitted notice of the purportedly defective condition, and the court instructed the jury that the defendants had notice—calling attention to the fact that the City had issued the permit (the alleged defect having been constructed in accordance with the permit), and Publix was using its entrance daily. And the letter was not identified, nor offered, as a record made in the usual course of business under Code (1957), Article 35, Section 59 (we therefore express no opinion upon its possible admissibility under this section if properly identified, etc.). Hence, we must determine whether the letter from an attorney to the City Solicitor was admissible as bearing upon the dangerous nature of the place where the accident occurred.

In *Locke v. Sonnenleiter*, 208 Md. 443, 118 A. 2d 509, this Court held that in certain negligence cases evidence of prior accidents is admissible, not only to show notice (we have noted above that in the case at bar both defendants admitted having notice), but as bearing on the dangerous character of the place involved in a current accident, provided there is similarity of time, place and circumstances. It is obvious from a reading of the letter that, although there apparently was similarity of time and place, there was no mention made, nor proffer offered, of any similarity in the circumstances of the prior accident and the current one. Indeed, it is not even shown with certainty that the allegedly defective condition of the sidewalk in the first accident was the same as that complained of by the appellant. In addition, the letter is simply a writing made by an attorney in which he stated what his client had told him. To permit its introduction would require a ruling that unsworn hearsay testimony is admissible in cases of this nature—a ruling that would not be warranted. We

hold that the trial judge was correct in sustaining the objection to the admission of the letter.

*Judgment affirmed, with costs.*