# SMITH, ET VIR *v.* JONES

[No. 444, September Term, 1963.]

*Decided October 16, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Norman H. Heller* for appellants.

*Albert D. Brault* for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

In this appeal from a judgment for the appellee (the defendant below) in a personal injury action brought by a pedestrian and her husband in the Circuit Court for Prince George's County, the only question is whether a paper was properly admitted in evidence.

The accident occurred in Washington, D. C. on August 31, 1962, at about 8.30 A.M. Construction was under way in the area, and at the trial an important question of fact on the issue of contributory negligence was whether, at the time of the accident, a sign was posted by the District Department of Highways and Traffic bearing the instruction "Pedestrians use West Sidewalk." The appellant, Mrs. Smith, crossed the intersection on the east crosswalk and was hit by a truck owned by the appellee. She did not remember seeing any sign directing the use of the west sidewalk, although a witness called by the appellee, after some uncertainty, testified to its presence.

The paper here involved, the letter of Mr. Parlon, dated September 10, 1962, was procured by one of the appellee's attorneys on the morning of the trial. Objection to its introduction was duly made and overruled. The letter is as follows:

"GOVERNMENT OF THE DISTRICT OF
COLUMBIA DEPARTMENT OF
HIGHWAYS

Electrical Division
Washington 1, D. C.
September 10, 1963

TO WHOM IT MAY CONCERN:

This is to certify that I, Mr. Joseph P. Parlon in my official capacity of General Foreman District of Columbia Sign Shop has charge of and custody of the records, daily work sheets, memoranda and similar records that indicate that various locations of controlling traffic and street signs and the dates during which the signs are operative.

On the basis of these records I can state that as of August 8th 1962 through June 1963 there were posted at the Northeast and Southeast corners of the intersection of 19th and E. Streets, N.W. two official traffic signs bearing the instructions 'Pedestrians use West Crosswalk'.

Attached hereto is a diagram which indicates the exact locations of the above mentioned signs.

I hereby affix my personal signature having read the above and found it to be accurate.

/s/ Joseph P. Parlon
General Foreman

Witnessed by /s/ Melvin B. Sansbury
Witnessed by /s/ John A. Oliphant"

Attached to Mr. Parlon's letter was a copy of a diagram of the intersection. On the face of the diagram there is an order from the Department of Highways and Traffic to the Traffic and Electrical Services Division, Traffic Services Section, to paint the crosswalks and install "Pedestrians Use West Crosswalk" signs at the "N. E." and "S. E." corners. The date of the request is given as "8-3-62". Stamped on the diagram are the words "Received Traffic Section, Aug. 7, 1962". At the bottom of the diagram there is a space entitled "Date Completed".

Over these printed words there is written in ink "8-8-62 Signs". Below that space there is written, in pencil, evidently in another hand, "8/31/62", with initials.

After the appellants' objection had been overruled, the letter and the attached diagram were read to the jury. In his instructions to the jury on contributory negligence, the trial court told them that, if they found the sign was present at the time of the accident, they would have to decide if Mrs. Smith had been negligent. In this connection, the court referred to the "report as introduced here as an exhibit". After a verdict had been given for the appellee, a motion for a new trial was made on the basis of the admission of the evidence in question, and overruled.

Section 40, Article 35, Code (1957), relied upon by the appellee, reads as follows:

> "The copy of the record or register of any deed or other instrument of writing which the laws of the state or country where the same may be executed require to be recorded or registered and which has been recorded agreeably to such laws, under the hand of the keeper of such record or register and the seal of the court or office in which such record or register has been made, or a copy of any deed or other instrument of writing lodged for safekeeping in any office or court agreeably to the laws of the state or country as aforesaid and certified as aforesaid shall be good and sufficient evidence in any court of this State to prove such deed or instrument of writing."

In the appellants' brief, it is contended, *inter alia,* that neither the paper nor the diagram had any official seal of the office in which the records were kept (there is a printed seal of the District of Columbia on the letterhead of Mr. Parlon's letter of September 10th) and that they were not properly certified at the trial by any authorized official of the District of Columbia. In the argument, however, these points were abandoned. The only contention of the appellants before us is that Mr. Parlon's letter of September 10th was improperly admitted and was prejudicial. Under these circumstances, we confine

our consideration of the case to the admissibility of the letter. See *Howard County v. Leaf,* 177 Md. 82, 85, 8 A. 2d 756, 757 (1939).

The appellants conceded in argument that the diagram would have been admissible by itself. There is an ambiguity in the diagram as to the date of completion of the erection of the signs. If the later date of August 31, the date of the accident, is correct, the diagram does not show the time of completion. The accident took place at about 8:30 A.M. If only the diagram had been admitted, any ambiguities it contained would have been questions for the jury's consideration. *Capitol Traction Co. v. McKeon,* 132 Md. 79, 86, 103 Atl. 314, 316 (1918). The question before us, however, goes to the admissibility of the letter to which this diagram was attached.

Mr. Parlon is the general foreman of the sign shop. His letter stated in response to the inquiry put to him that on the basis of the records, daily work sheets, memoranda and similar records in his charge "I can state that as of August 8, 1962 through June 1963" the traffic signs in question were posted. The only record, work sheet or memorandum attached to the letter is the diagram, which, Mr. Parlon states, "indicates the exact locations" of the signs. It is evident that Mr. Parlon, in reaching the conclusion set forth in his letter, was relying on departmental data in addition to the diagram.

Conclusions or opinions as to the meaning or effect of data contained in a file may, under certain circumstances, be admissible under the Maryland law. Exceptions have been made to the rule against hearsay by legislative or judicial determination in some situations where the reliability of record keeping has been deemed a satisfactory substitute for the testing of assertions of witnesses on the stand by cross-examination. Wigmore, *Evidence,* §§ 1420, 1522 (3d ed. 1940).

Section 59, Article 35, Code (1957), as construed by this Court, permits introduction of business records even though hearsay in nature, when the entry meets the tests of "necessity and circumstantial guaranty of trustworthiness." *Morrow v. State,* 190 Md. 559, 59 A. 2d 325 (1948). Summaries or compilations made from such records may be admissible, when a proper foundation has been laid by a qualified witness on the

stand. *O'Donnell v. State,* 188 Md. 693, 53 A. 2d 688 (1947) ; *Laporte Corporation v. Cement Corp.,* 164 Md. 642, 648, 165 Atl. 195 (1933). In the present case, had Mr. Parlon been called to the stand and qualified, after the records of his department had been put into evidence, he could have testified as to his conclusion therefrom. Such testimony, of course, would have been subject to cross-examination as to the correct date of the erection of the signs; what inspection, if any, was made between August 8th and the date of. the accident to see if they were in place; and any other relevant matters.

If an opinion or summary is part of the official records, it may be admissible. A written opinion of a doctor, if properly authenticated, may be admissible as part of a hospital record. Compare *Watts v. State,* 223 Md. 268, 164 A. 2d 334 (1960), with *Baltimore & Ohio R. R. Co. v. Zapf,* 192 Md. 403, 64 A. 2d 139 (1948), and *Reed v. Order of United Commercial Travelers,* 123 F. 2d 252, 253 (2d Cir. 1941), with *New York Life Ins. Co. v. Taylor,* 147 F. 2d 297, 301, 79 U. S. App. D. C. 66 (1945). See Powell, *Admissibility of Hospital Records Into Evidence,* 21 Md. L. Rev. 22 (1961) ; 54 Yale L. J. 868 (1945) ; 94 U. Pa. L. Rev. 112 (1945). In this case, Mr. Parlon's letter was not a part of the official records, but was only given in response to an inquiry as to what the records showed. It was a conclusion based in part on unspecified data, and not a public record or document. Cf. Wigmore, *supra,* § 635; McCormick, *Evidence,* § 291 (1954).

By the express terms of a statute, an officer may be authorized or directed to summarize the contents of a file. For example, Section 27, Article 19, Code (1957), provides that whenever the Comptroller shall compromise or settle any claim of the State without payment in full, "he shall make and keep among the records of his office a statement of the evidence or facts upon which such settlement was made." Section 40, Article 35, relied upon by the appellee, contains no such provision by express terms or implication; it is limited to the admissibility in evidence of a "copy of the record or register of any deed or other instrument of writing which the laws of the state or country where the same may be executed require to be recorded or registered and which has been recorded agree-

ably to such laws * * * or a copy of any deed or other instrument of writing lodged for safekeeping in any office or court agreeably to the laws of the sate or country * * *."

At common law, no general authority was recognized for officers to give on demand a certificate as to past official happenings. *Commonwealth v. Richardson,* 142 Mass. 74, 7 N.E. 26 (1886) ; McCormick, *supra,* § 292; Wigmore, *supra,* § 1674. "An officer authorized to certify a copy cannot at common law certify merely the effect of the record." Wigmore, *supra,* § 1674. "As to matters which the officer is not authorized by law to attest, his certificate is extra-official, can have no higher weight than that of a private citizen, and is therefore inadequate to make the proof required." *Commonwealth v. Richardson, supra.* See *De Riesthal v. Walton,* 66 Md. 470, 8 Atl. 462 (1887).

*United Surety Co. v. Summers,* 110 Md. 95, 72 Atl. 775 (1909), was an action upon a bond to secure the faithful performance of an agreement for the furnishing and erection of concrete work for a building under course of construction. The surety company excepted to the lower court's refusal to admit in evidence a report made by Mr. Keyser, an engineer, of an inspection made by him of the building. The report was offered without authentication. On appeal, this Court upheld the ruling of the trial court. In delivering the Court's opinion, Pearce, J., said:

> "In *St. Louis Loan Co. v. Yantis,* 173 Ill. 321, where a printed statement of the number of shares of instalment stock issued was offered in evidence, the Court said: 'In no way authenticated, we are aware of no rule of evidence that would justify its consideration by the Court.' Moreover, that paper was nothing more than what Mr. Keyser *said* upon the subject. It was an unsworn statement, and no more admissible than his oral statement to the same effect. Even if supported by a mere voluntary affidavit, it would not have been raised above the grade of hearsay. *Patterson v. Md. Ins. Co.,* 3 H. & J. 71. There was no error in this ruling." 110 Md. at 110.

Mr. Parlon's letter was not admissible in evidence under Section 40 of Article 35 or under any other relevant statute, or at common law. It was unauthorized, unsworn hearsay testimony. See *Schaefer v. Publix Parking,* 226 Md. 150, 153, 154, 172 A. 2d 508 (1961).

While there was testimony of an eye-witness that the sign in question was present at the time of the accident, the witness at first was uncertain. The injured appellant, Mrs. Smith, testified she saw no such sign. Mr. Parlon's letter stating that the sign was there at the time of the accident was read to the jury as an official document. The trial court instructed the jury that the issue of contributory negligence turned on whether or not the sign was present, and referred to "the report as introduced here as an exhibit". The error in admitting the letter, under the circumstances, was prejudicial. See *Houlihan v. Mc-Call,* 197 Md. 130, 78 A. 2d 661 (1950) ; *Heil v. Zahn,* 187 Md. 603, 609, 51 A. 2d 174 (1946).

> *Judgment reversed and case remanded for a new trial; costs of this appeal to be paid by the appellee.*