## CARMAN *a.* THE MAYOR, &c., OF NEW YORK.

*Supreme Court, First District; Special Term, February,* 1862.

RESPONSIBILITY OF MASTER FOR ACTS OF SERVANT.—CAUSE OF ACTION.

A master who has not taken sufficient care in employing servants suitable to the work undertaken, or who has failed to direct them properly in its performance, is liable for injuries to others arising from such neglect.

The defendants, owners of land adjoining plaintiff's, employed workmen to cut trees on their own land, but omitted to employ competent persons to superintend the work, or properly to instruct them, so that they might distinguish his boundaries.

*Held,* that defendants were liable for trees of the plaintiff which the workmen ignorantly cut down and removed.

Demurrer to the complaint.

The action was brought by Richard F. Carman against the city of New York, to recover $1500 for damages to certain fruit-trees. The complaint, omitting formal parts, was as follows :

I. That the above-named defendants are a municipal corporation, duly incorporated under and by virtue of the laws of the State of New York.

II. That the said defendants, at the times hereinafter specified, were and still are the owners of all that certain tract, piece, or parcel of land, situate, lying, and being in the counties of New York and Westchester, known as the Croton Aqueduct lands, being the land upon which the Croton Aqueduct is constructed, and over and upon which the Croton water is conveyed into the city of New York.

III. That the above-named plaintiff, in and during the year 1857, was the owner in fee of all that certain tract, piece, or parcel of land, situate, lying, and being in the county of Westchester aforesaid, bounded southeasterly by and adjoining the said Croton Aqueduct lands, at or near the bridge crossing the Harlem river, known as the High Bridge.

IV. That prior to the month of January, in the year 1857 aforesaid, there were upon the said lands of this plaintiff, near and in a line parallel, or nearly parallel, with the north-westerly line of the said Croton Aqueduct lands, seven large fruit-trees,—to wit, cherry and pear trees,—bearing very choice fruit, and of great value, as well for ornament and shade as for fruit, and that the said trees greatly enhanced the value of the said land, and that there were also near the said fruit-trees other and similar fruit-trees upon the said Croton Aqueduct lands of the said defendants.

V. That in the said year 1857, and prior to the wrongful acts of the said defendants hereinafter set forth, the said defendants, through the officers of the Croton Aqueduct Department, in the discharge of their duties in the care and management of the said Croton Aqueduct, directed their agents and servants to cut down and remove from the said Croton Aqueduct lands all the trees thereon, and employed divers agents and servants to perform that work.

VI. That thereafter the said agents and servants of the said defendants entered upon the performance of the said work so directed to be done by the said defendants, but by reason of the carelessness, unskilfulness, and ignorance of their said agents and servants, and their want of knowledge of the lines of the said Croton Aqueduct lands, and the negligence of the said defendants in not having the said work superintended, managed, and directed by competent and discreet engineers, or other persons conversant with the boundary lines between the lands of this plaintiff and those of the said defendants, the said first-mentioned fruit-trees were wholly cut down, destroyed, and carried away from the lands of this plaintiff by the said agents and servants of the said defendants, and the said plaintiff's lands were greatly damaged and injured,—to wit, in the sum of one thousand five hundred dollars.

VII. And this plaintiff further shows that heretofore, and on or about the 21st day of August, 1861, he presented in writing to the comptroller of the city of New York the claim hereinbefore set forth, upon which this action is founded, for adjustment, and that at least twenty days have elapsed since the presentation of the said claim for adjustment as aforesaid.

VIII. And this plaintiff further shows that heretofore, and on or about the 27th day of September, 1861, and after the expiration of the said twenty days from and after the presentation of the said claim to the said comptroller, as aforesaid, he made a second demand, in writing, upon the said comptroller for the adjustment of the said claim, but the said comptroller has hitherto wholly neglected and refused to make an adjustment or payment thereof.

The defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Henry H. Anderson*, in support of the demurrer.

*Harison & Waring*, opposed.—I. This is an action in the nature of an action on the case, for damages for the destruction of fruit-trees of plaintiff, resulting from negligence of defendants and servants in the ordinary course of the defendants' business.

II. 1. The defendants are responsible for the acts of their servants while in the performance of any lawful work by them directed to be done. 2. The damage sustained in this case was done while the agents and servants of the defendants were in the act of performing the work to be done, and was intended and supposed by such agents and servants to be the work upon the lands of the defendants which they were employed to perform, and they could justify themselves to their employers, in which case the latter are liable. 3. The defendants are liable, if, in doing or causing to be done a lawful act, they do it in such a careless or improper manner, or through such careless, ignorant, and improper agents or servants, that the property of others is injured. (Vandenburgh *a.* Truax, 4 *Den.*, 464; Lloyd *a.* Mayor, &c., of N. Y., 5 *N. Y.*, 369.) 4. The defendants are chargeable with negligence for not having the premises properly defined and staked out. 5. The allegations of the complaint do not make a case of wilful trespass: wilful trespass will not be presumed.

CLERKE, J.—This is an action in the nature of an action on the case for the negligence of the defendants' servants.

The law, in allowing a remedy of this kind, supposes some fault or dereliction on the part of the master; otherwise it would

not make him liable for the conduct of other persons. The gist of the action, then, I presume, is the neglect on the part of the master to do what he ought to have done; and this neglect may consist either in the want of sufficient care in employing suitable persons, or in the want of that precaution in directing their labor which would prevent them from doing any unintentional injury to others. In either case, the master is equally culpable. He has not done that which he ought to have done. By his fault, a citizen has suffered an injury.

The complaint alleges that the plaintiff is the owner of land adjoining the Croton Aqueduct lands, belonging to the defendants; that there were seven large fruit-trees upon the land of the plaintiff, in a line parallel, or nearly parallel, with the northwesterly line of the Croton Aqueduct lands, and that there were near the said fruit-trees other and similar trees upon the Croton Aqueduct lands belonging to the defendants; that the latter directed their agents and servants to cut down and remove from the Croton Aqueduct lands all the trees thereon, and employed divers agents and servants to perform the work; and that the said agents and servants entered upon the performance of the work, but by reason of carelessness of their said agents and servants, and the negligence of the defendants in not having the work superintended and directed by competent persons conversant with the boundary lines between the land of the plaintiff and that of the defendants, the fruit-trees on the land of the plaintiff were cut down and destroyed.

Now, I think this alleges a sufficient legal culpability on the part of the defendants to make them liable for this act of their servants. The latter committed the act in the course of their employment, ignorantly, under the supposition that they were on the land of the defendants. The servants did it through ignorance, which proper precaution on the part of the employer would have prevented. It was plainly their duty in a case of this kind, in giving instructions to the laborers, to give them the information necessary to enable them to discriminate between the trees of the plaintiff and those of the defendants. It would not be doubted for a moment, if the defendants mistakingly supposed that the trees of the plaintiff were those on their own land, and directed the laborers to cut them down, that they would be liable. This would perhaps be a direct act

of trespass, although done in ignorance. Is it less an act of negligence, and less a legal culpability, that they failed to use the means by which the injury to the plaintiff would have been avoided? I think, therefore, that the complaint states facts sufficient to constitute a cause of action.

The demurrer must be overruled, with costs: defendants to answer in ten days, on payment of costs.

---

## THE PEOPLE *on rel.* MARTIN *a.* ALBRIGHT.

*Supreme Court, Third District; General Term, March,* 1862.

APPEAL FROM COMMISSIONERS OF HIGHWAYS.—POWERS OF REF-EREES. — WAIVER. — FORM OF EXCEPTIONS. — MANDAMUS. — COSTS.—RELATOR AS WITNESS.

The referees appointed by the county judge under 1 Rev. Stat., 518 (modified by Laws of 1847, ch. 455), to determine appeals from the determination of commissioners of highways, may hear and decide the appeal as well on facts existing at the time of the hearing before them as upon the facts existing at the time of the original application; and in case of reversing the decision of the commissioners, they may make such order as in their judgment the commissioners should have made.

Under 1 Rev. Stat., 514, § 58, which requires a consent on the part of the owner or occupant of cultivated lands to the laying out of a highway through his land, a verbal consent is sufficient.

A waiver, by the party for whose benefit or protection notice should be given, is equivalent to notice, and dispenses with its necessity.

A general exception to a finding of mixed law and fact does not raise the question whether the fact found is sustained by the evidence.

The allowance of costs to the relator on awarding a peremptory mandamus is not the subject of review on appeal.

An exception that the judge at trial omitted to find a particular fact is not available on appeal. The remedy is by motion to have it referred back to the judge for correction.

A relator suing in the name of the people for a writ of mandamus is a competent witness in behalf of the plaintiffs, under § 471 of the Code.

Appeal from a judgment awarding a peremptory mandamus.