PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
MIGUEL CHACON, Appellant.

*Court of Appeals, April* 13, 1886.

1. *Evidence.   Objection must be made promptly.*—Where counsel, on cross-
examination, observes that the witness is not answering a ques-
tion by " yes or no " when so directed, but is proceeding to give
an answer which has once been stricken out, he should stop the wit-
ness and arrest the answer.   He cannot lie by and speculate on
the chances of first hearing what the witness will testify, and,
if the testimony proves unsatisfactory, then move to strike it out.
In such case, the matter generally rests in the discretion of the
court, and is not reviewable.

2. *Same.   Unimportant evidence.*—The refusal of the court to strike out
evidence, in a criminal action, which could not have influenced the
verdict, furnishes no reason for a reversal of the conviction.

The defendant was convicted of murder in the first degree.

Appeal from judgment of the general term of the supreme
court, affirming judgment of conviction.

*Charles S. Spencer,* for appellant.

*DeLancey Nicoll,* for respondent,

EARL, J.—The defendant was convicted of shooting with
a pistol, and thus murdering, Maria Williams, in the city of
New York, on the 20th day of June, 1884.   The killing is
undisputed, and there was abundant evidence of premedi-
tation and deliberation to justify the conviction.   We have
only to deal with exceptions taken at the trial, and but one
of those, about which there was a difference of opinion
among the judges composing the general term, is of sufficient
importance to require special notice.

Munro Williams, the husband of the victim, was the
principal witness for the prosecution.   He was the only

person beside the defendant who saw the killing, and who testified to what took place at the time. He testified that he and his wife stood near each other, and that the defendant fired three shots, two at him, and one, the fatal shot, at her. Upon cross-examination by defendant's counsel, Williams was asked questions, and gave answers, as follows :

" Q. Why do you tell this jury that the two first shots were fired at you, and that that last shot was fired at this poor girl, who is dead ? A. Because I was in the bedroom door, and that was the shot that struck her. Q. Have you any other reason to say that the third shot was fired at your wife except you moved your position ? A. No reason more than he had threatened to kill her, and that was his only opportunity. [On motion of defendant's counsel the court struck out his answer.] Q. Now, sir, did you ever hear this man make a threat against your wife ? A. Not in my presence. [On motion of defendant's counsel the court also struck out this answer.] Q. Now, I again ask you this : You have testified to this jury that the first two shots were fired at you ? A. Yes, sir. Q. Now, sir, can you give to this jury any reason why they were fired at you ? I ask, of your own knowledge, can you give us any reason, aside from the fact that you had stepped one side, for telling us that he fired that last shot at your wife ? Yes or no ? A. The only reasons I could give is that he has threatened to take her life and that was his only opportunity, and he fired at her. [The counsel for the defendant moved to strike out this answer, and the court denied the motion, and he excepted.] Q. I again ask you if you ever heard him make any such threat ? A. Not in my presence. [The counsel for the defendant again moved to strike out the evidence as to the threat, and the court denied the motion, and he excepted."]

These two exceptions are now claimed by the counsel for the defendant to have been well taken, and to point out a serious error, for which this judgment should be reversed. We think otherwise. As to the first exception, the witness

was asked to answer the question "Yes or no," and when the defendant's counsel observed that he was not answering the question in that way, and was proceeding to give the same answer which had once been stricken out, he should have stopped the witness and arrested the answer. He could not lie by, and speculate on the chances of first hearing what the witness would testify to, and then, when he found the testimony unsatisfactory, move to strike it out. Quin *v.* Lloyd, 41 N .Y. 349. Whether the court will, under such circumstances, strike out an answer given, generally rests in its discretion, which is not reviewable. As to the second exception, the answer·was fairly a response to the question. It was substantially that he had never heard the threat.

A still further answer to both of these exceptions is that the evidence was not of the least importance, and could not, in our judgment, have harmed the defendant. The defendant bought the pistol and cartridges the day before the killing. One witness testified that about two hours before the shooting, she saw the defendant load a revolver, which he had in his hand, put it in his pocket, and then go into the apartments occupied by Williams and his wife. Another witness testified that about a week before the shooting she saw the defendant have a pistol, and heard him say that he bought it to kill Mrs. Williams with. Still another witness testified that in February before the shooting he heard Mrs. Williams tell defendant that her husband, who had for some time been absent, expected to return, and he then said that if he came back he would kill both him and her. He tried to conceal himself after the shooting, and, after his arrest, said to two police officers, as they testified, that he killed her because she did not keep her promise to live with him.

The defendant, as a witness in his own behalf, however, testified that he fired the three shots at Mr. Williams in self-defense, and accidentally and unintentionally hit Mrs. Williams, and he denied the threats and confessions testi-

fied to by the witnesses for the prosecution.   The case against the defendant was so strong, and his murderous intent and his threats were so fully proven, that evidence that Williams had heard of the threats, particularly after the court had just stricken out similar evidence as hearsay, could not have influenced the verdict ; and the refusal to strike out the evidence, therefore, furnishes no reason for a reversal of the conviction.   Code Crim. Pro., § 542, etc.

We believe no error was committed upon the trial prejudicial to the defendant, and that the judgment should be affirmed.

**All concur, except RAPALLO, J., absent.**