## ARDMORE OIL & MILLING CO. v. ROBINSON.

No. 863.   Opinion Filed May 9, 1911.

Rehearing Denied June 8, 1911.

(116 Pac. 191.)

1. **MASTER AND SERVANT—Duties—Competency of Coemployees.** Where the service in which the servant is to be employed is such as to endanger the lives and persons of coemployees, the master, before engaging such servant, is required to make reasonable investigation into his character, skill, and habits of life, and he is also bound to institute affirmative inquiries in order to ascertain the qualifications of a servant whom he transfers to a more responsible position, for which special qualifications are necessary, unless the servant has given proof of his capacity in some similar position.

2. **SAME—Question for Jury.** Whether an employer has made reasonable investigation into the character, skill, and qualifications of a servant is a question of fact for the jury.

3. **TRIAL—Conduct of Trial—Evidence—Motion to Strike.** It is not admissible for counsel to be quiet and allow the evidence to come out and take advantage of it, if favorable, and, if not, to ask that it be stricken out and not considered.

4. **APPEAL AND ERROR—Right to Allege Error—Assent to Proceeding.** Where the court, before permitting the jury to view the premises where a personal injury occurred, asks counsel if they desire the jury to see the premises, and counsel for the losing party answers, "I am willing to go with the jury on that part of it," he is not in a position to predicate error on the action of the court.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action by Tom Robinson against the Ardmore Oil & Milling Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. C. Potterf* and *E. A. Walker,* for plaintiff in error.

*J. V. Cabell* and *J. A. Bass,* for defendant in error.

KANE, J. This is an action for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below.

The defendant was engaged in the manufacture of cotton seed products, and especially cotton seed meal, and employed a large force of men and servants. One of the machines necessary to manufacture said cotton seed into meal cakes is known as the "former," to which is attached two levers, known as the left-hand lever and the right-hand lever; when the left-hand lever is raised by a servant of the defendant, known as the leverman, the former is charged with loose cotton seed meal, and, when said right-hand lever is raised by said leverman, the said cotton meal is formed and moulded into cotton seed cake; when said cotton seed cake is so formed in said former, another servant of the defendant, known as the "pan shover," pushes a large iron pan between the head of said former and said cake, and takes said cake and pan away from said former, and carries same to another portion of defendant's building. It was alleged, in substance, that the plaintiff, on the 15th day of October, 1907, was in the employ of said defendant, in the capacity of pan shover, and that one Jeff Hurt was leverman, and that said Hurt had raised the left-hand lever and had charged said former with cotton seed meal, and then raised the right-hand lever, thereby forming and moulding said cotton seed meal into cotton seed cakes, and the plaintiff had placed his hand under said cake, and was in the act of removing said pan and said cake from said former, when said Hurt, being then and there incompetent, inexperienced, unskillful, careless, and negligent, having no knowledge of the working of said former and the use of the said lever, all of which was known to the defendant, or could have been known to it by the use of reasonable diligence, suddenly and without notice to plaintiff, and being unacquainted with the serious consequences to plaintiff on account of his said incompetency, inexperience,

unskillfulness, carelessness, and negligence, again and the second time, and without warning to plaintiff of his intention to do so, pulled said right-hand lever of said former, and plaintiff's hands were caught between said pan and the head of the cylinder of said former, and his right hand was fearfully and horribly mangled, etc.

The answer of the defendant, in substance, denied the allegations of negligence on its part, and further alleged that the act of plaintiff was not occasioned by any negligence on the part of itself or Jeff Hurt, and that the same was caused by the negligence, incompetency, and wrongful act of said plaintiff; that said Jeff Hurt was a very competent man for the position of leverman, and that he had had years of experience in working at the mill, and was thoroughly familiar with the duties of a lever puller; that said Hurt is a sober, reliable, steady, and competent man, and was in the performance of his duties at the time of said accident, and was in no way negligent or hasty, in the case, as alleged in plaintiff's complaint, but it avers said accident was occasioned by the negligence of the plaintiff, as aforesaid; that in employing said Hurt as leverman they used every caution possible, and from past experience they knew said Hurt was a very capable, competent, and reliable man for said position; that in the conduct of its business of running an oil mill there is more or less hazard, and its superintendent very frequently warned its employees to be careful in working about the machinery, and that said superintendent so warned the plaintiff of said danger, and also the said Jeff Hurt; that there was no defect in the machinery of said mill, and that said accident was wholly occasioned by the negligence and carelessness of said plaintiff and from no act of omission on the part of the defendant.

Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

There are a great many errors assigned, but counsel for plaintiff in error, in their brief, have argued them all under

three subheads, which may be epitomized as follows: (1) As the plaintiff's cause of action was based on the proposition that the defendant was negligent in placing the negro, Jeff Hurt, at the former as lever puller, to be entitled to a verdict, it was incumbent upon him to prove his allegation by a preponderance of the evidence, which he failed to do; (2) the court erred in refusing to strike out the testimony of the witness Calvin Wolmbly, upon the motion of the plaintiff in error, for the reason that said testimony was incompetent, irrelevant, and immaterial; (3) the court erred in permitting the jury to leave the courtroom and go to the oil mill operated by said plaintiff in error, and investigate the machinery of said oil mill, as was shown was done.

After a careful examination of the record, we are of the opinion that the plaintiff showed by sufficient evidence that the defendant failed to exercise ordinary care in the selection of Jeff Hurt as lever puller. In paragraph 194 of Labatt on Master and Servant, the general rule as to the master's duty is stated in substance as follows: Where the service in which the servant is to be employed is such as to endanger the lives and persons of coemployees, the master, before engaging such servant, is required to make reasonable investigation into his character, skill, and habits of life, and he is also bound to institute affirmative inquiries in order to ascertain the qualifications of a servant whom he transfers to a more responsible position, for which special qualifications are necessary, unless the servant has given proof of his capacity in some similar position. The evidence in the case at bar shows that Hurt had worked around the oil mill for several years in different departments, but had never pulled the lever until the day before the injury occurred. One witness testified that Jeff Hurt had been working at the oil mill a long time, but had never been lever puller; that he (the witness) had been working there for three years prior to the time plaintiff was injured, and that he never knew of Jeff pulling the former before; that he (the witness) had been pulling a former two years, and that it took two years to learn how to pull a former.

In *Still v. Railway Company,* 154 Cal. 559, 98 Pac. 672, 20 L. R. A. 322, 129 Am. St. Rep. 177, a question similar to the one herein under discussion was involved. It seems that one Clark, who had been a brakeman for several years upon the defendant railway, had recently been promoted to the position of conductor. About four weeks after he had taken charge of a scheduled train, a wreck was caused by his lack of knowledge of the value of meet orders and the superiority of trains. The evidence showed that the trainmaster had made some inquiry as to his competency, and had discussed with him the duties to be performed as conductor just about the time he was promoted from the inferior service as brakeman, which required no special qualifications. The court held that the question of his competency was for the jury, and refused to disturb a verdict in favor of a fellow servant injured by the wreck.

The rule in this jurisdiction is:

"Where, upon the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions respecting the question of negligence or contributory negligence, such questions are properly for the jury." (*Sans Bois Coal Co. v. Janeway,* 22 Okla. 425, 99 Pac. 153.)

The second contention is based upon the following proceedings: Plaintiff asked a witness (Wolmbly) if he knew anything about the experience of Jeff Hurt as a lever puller at the mill, and he answered that he knew nothing more than what he (Hurt) said, and, in response to the question, "What did he say?" he answered, "He said he was an experienced oil mill man, and cake skinner, but had never pulled a former before." This evidence went in without objection, and after the close of a very rigid cross-examination counsel interposed his motion to strike. We do not believe it was error to overrule the motion to strike. *State v. Fersha,* 190 Mo. 296, 88 S. W. 746, 4 L. R. A. (N. S.) 576; *People v. Chacon,* 102 N. Y. 669, 6 N. E. 303; *Tutwiler Coal, etc., Co. v. Nichols,* 145 Ala. 666, 39 South. 762; *Proper v. State,* 85 Wis. 615, 55 N. W. 1040. In the North Carolina case above cited, it was held that it is not admissible for counsel to be quiet and allow evidence to come out and take advantage

of it, if favorable, and, if not, to ask that it be stricken out and not considered. "Still less can he complain when it comes out in response to his own inquiries." *State v. Efler,* 85 N. C. 585. The other cases cited are to the same effect.

The jury visited the premises under the following circumstances: The Court: "Gentlemen of the jury, you expressed a desire during the trial that you be permitted to look at the place of this accident, and the machinery, which the law permits you to do under certain conditions. [To the attorneys]: Gentlemen, you desire the jury to see the premises? Mr. Walker: I am willing to go with the wishes of the jury about that part of it." Under such circumstances counsel for plaintiff in error are not in a position to predicate error upon the action of the court in permitting the jury to view the premises.

Not finding any reversible error in the record, the judgment of the court below must be affirmed. It is so ordered.

All the Justices concur.