CORAL E. HOFFMAN and JACKSON A. HOFFMAN, as Administrators, etc., of LEON HOFFMAN, Deceased, Respondents, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Third Department, June 30, 1919.

**Railroad — negligence — contributory negligence of person struck by projecting pilot beam of engine while standing on station platform — question for jury — construction of engine or station platform so that pilot beam of engine will extend over platform — evidence — irresponsive answer — motion to strike out — probative value of irresponsive answer which court has properly refused to strike out — charge as to degree of care.**

Where a man standing on a railroad station platform is killed by being struck by the pilot beam of the engine which projected over the platform, the question of the contributory negligence of the deceased is for the jury.

*It seems,* that where an engine is so constructed that its pilot beam projects over a station platform provided for passengers, and the engine, in passing the platform, strikes and injures a person thereon, the company is in respect to the construction of its engine and its platform guilty of negligence.

Where in an action to recover damages for the death of a person killed, while standing on a railroad station platform, by being struck by the pilot beam of an engine, which projected over the platform, a witness was asked as to the common usage in the construction of such platform on that railroad, and did not answer responsively but gave several particular instances, the motion of the defendant's counsel to strike out the answer was properly denied, because the court will not permit counsel to lie by and speculate

on the chances of first hearing what the witness will testify to and then, when he finds the testimony unsatisfactory, move to strike it out; counsel should have stopped the witness.

The court correctly charged the jury that they might take into consideration the irresponsive answer of particular instances which the witness volunteered, for while the defendant's counsel objected to evidence of common usage it did not object to evidence of particular instances and under the circumstances the plaintiff was not bound to force into the case evidence of common usage to which the defendant objected, but had the right to accept in place thereof evidence of particular instances to which the defendant did not object.

A charge by the court that a high degree of care is owing in the transportation of passengers but that as to the platform and approaches to the train the rule of reasonable care applies, was not prejudicial.

APPEAL by the defendant, Lehigh Valley Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Tompkins on the 4th day of October, 1917, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 26th day of September, 1917, denying defendant's motion for a new trial made upon the minutes.

*Cobb, Cobb, McAllister, Feinberg & Heath* [*Riley H. Heath* of counsel], for the appellant.

*Frank T. Dwyer,* for the respondents.

COCHRANE, J.:

The plaintiffs' decedent while walking on the edge of the wooden platform of the defendant's station at Trumansburg was struck by the pilot beam of a locomotive of an incoming train and received injuries which resulted in his death. He had purchased a ticket for the purpose of becoming a passenger on that train. The platform extended a little more than eight feet from the station toward the track, except in front of a bay window of the station where it was narrower. The edge of the platform was parallel with the track and twenty-three inches distant from the inner side of the nearest rail. The pilot beam of the engine projected over the platform seven and one-quarter inches. As the train approached the station and was diminishing its speed for the purpose of stopping, the deceased, carrying a suitcase, walked toward

the track for the purpose of boarding the train and proceeded along the edge of the platform directly facing the approaching train and was struck by the pilot beam as aforesaid. People were returning from a fair and there is evidence that there was quite a crowd on the platform and that the deceased walked around this crowd and thus got nearer the edge of the platform than he otherwise would have done. Several witnesses also testified that he dropped his suitcase and that as he stooped to pick it up he was struck.

The question of contributory negligence of the deceased is disposed of by the case of *Dobiecki* v. *Sharp* (88 N. Y. 203), where a man standing on a station platform was killed by the overhang of a car in a passing train. The court at length discusses the question of contributory negligence and held that it was a question for the jury.

That case also would be an authority for the plaintiffs on the question of the defendant's negligence if they had alleged in their complaint negligence in the construction of the engine, and that question had been submitted to the jury. But as the case went to the jury negligence must be predicated on faulty construction of the platform in building it too close to the track. The distinction is perhaps somewhat technical, although the court seemed to dispose of that case on the theory that the cars rather than the platform were of faulty construction. The court said: " Assuming that they [the cars] did extend beyond the platform to the smallest extent proven, and in this form may have caused the death of the deceased or injured persons upon the platform, some evidence was presented that the cars were improperly constructed, and it was a question of fact for the jury whether this was negligence on the part of the defendant." However, later in the same opinion the court said: " The contention that the plaintiff was bound to show something more than an improper construction of the platform or cars, and that she was bound to prove that this negligence was the cause of the injury is sufficiently answered by the remark that some of the evidence tended in that direction."

In *Archer* v. *New York, New Haven & Hartford Railroad Company* (106 N. Y. 589) a man standing on the platform was injured by an incoming train. The case was disposed of

mainly on the ground of negligence in not giving warning of the approach of the train, but the court (at p. 597) said: " But when the cars brought up are so constructed as to overlap some portion of the platform provided for those passengers, a delinquency on its part is established of such a character as to prove *prima facie* the whole issue. * * * It was guilty of negligence in respect of running its train; and in respect to the construction of its platform and its car it was an actual wrong-doer."

The defendant relies strongly on the case of *Dotson* v. *Erie R. R. Co.* (68 N. J. Law, 679), where an accident occurred under circumstances undistinguishable from the present case, and it was held there was no liability on the part of the defendant, and authorities from other States are cited in support of the position there taken. That case would be an authority for the defendant except for one feature. The opinion lays stress on the fact that there was no evidence that the construction was not in conformity to common usage. That brings us to an important feature of this case.

The plaintiffs called a witness who by experience, training and observation abundantly qualified himself to testify as to the common practice in building platforms with reference to their distance from the tracks. He stated that he had observed the method of construction in this particular with reference to different railroads. He was then asked this question: " What did you find to be the method of construction with reference to the Lehigh Valley at the edge of the platform from the nearest rail in common use in this vicinity, giving the dimensions and the road?" This was objected to by the defendant on various grounds, and the objections were overruled. Clearly the question was in all respects proper. The witness did not answer responsively, but gave three instances at Buffalo, East Ithaca and Camillus where this particular pilot beam could easily have cleared the platform, giving measurements somewhat in detail. The defendant moved to strike out the answer as not responsive. The court said: " I won't strike it out because you sat and listened to it, a timely objection would have excluded it all. The question called for a general rule, not an individual incident. This

witness wouldn't be permitted to give some isolated instance." The court then held again that the witness must confine himself to common usage and not give particular cases. Subsequently a question in proper form calling for common practice was again asked and again encountered an objection by the defendant. The objection was overruled but the question was not pressed. The ruling refusing to strike out the irresponsive testimony as to particular instances was not incorrect and is supported by the case of *People* v. *Chacon* (102 N. Y. 669), where the court said: " He [defendant's counsel] should have stopped the witness and arrested the answer. He could not lie by and speculate on the chances of first hearing what the witness would testify to, and then, when he found the testimony unsatisfactory, move to strike it out." The point now arises as to the probative effect of that testimony. The judge charged the jury that they might take it into consideration in determining the defendant's negligence. If the charge in that respect was correct the verdict is amply supported by the evidence. We conclude that the charge under the circumstances was correct. A question in proper form had been asked calling for common usage. The defendant strenuously objected to that proper question. The defendant did not object to the irresponsive answer of particular instances which the witness volunteered, until after it appeared that the testimony was unfavorable to the defendant. After the court had again called attention to the correct rule and the plaintiffs had again asked another proper question calling for common usage the defendant again objected. In other words the defendant repeatedly objected to evidence of common usage and did not object to evidence of particular instances, and we conclude under those circumstances that the plaintiffs were not bound to force into the case evidence of common usage to which the defendant objected, but had a right to accept in the place thereof evidence of particular instances to which the defendant did not object. The defendant cannot now consistently argue that the plaintiffs should have introduced evidence to which at the trial it objected. Certainly if the defendant built its platform farther away from the track at Buffalo and other places there is no reason why it could not have done the same thing at

Trumansburg. The defendant produced no evidence whatever of custom or tending to show that this platform was constructed according to common usage.

The only other legal question raised by the defendant is the charge of the court in respect to the degree of care which the defendant owed the deceased. The charge was in substance that a high degree of care was owing in the transportation of passengers but that as to the platform and approaches to the train the rule of reasonable care applied. The charge in this respect was not prejudicial.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.