MABEL WILLIAMS, an Infant, by LILLIAN WILLIAMS, Her Guardian ad Litem, Respondent, *v.* BOARD OF TRUSTEE, DISTRICT No. 1, TOWN OF EATON, Appellant.

Fourth Department, July 1, 1924.

**Schools — action against school district by child to recover for injuries suffered while being transported in conveyance furnished by school district — law of case — judgment based on decision of controverted question of law is conclusive on second trial involving same facts — conveyance was ordinary platform wagon with seats crosswise — rear wheels projected above box — plaintiff fell against rear wheel and was injured — negligence to fail to guard wheels — trustee did not perform full duty by merely contracting for conveyance of children without specifying kind of conveyance — driver was not competent — contributory negligence was not shown.**

A judgment based on a decision of a controverted question of law must be for reasons of sound public policy thereafter conclusive on the parties, where on another trial the facts appear to be substantially the same.

In an action by a school child to recover damages for injuries suffered while she was being transported to school in a conveyance furnished by the school district, negligence on the part of the defendant is shown where it appears that the conveyance consisted of an ordinary platform wagon with seats placed crosswise, the rear wheels of which projected above the box and were not guarded; and that the injuries suffered were caused by the plaintiff falling upon one of the rear wheels.

Furthermore, the trustee of the school district did not perform his full duty by merely contracting for the conveyance of the children without specifying the kind of conveyance to be used.

The driver was a woman who, although able to do all sorts of farm work, was not a competent custodian of young children.

Contributory negligence as a matter of law on the part of the plaintiff based entirely on the testimony of young children, largely by direct questions to them by defendant's attorney, was not shown.

11

APPEAL by the defendant, Board of Trustee, District No. 1, Town of Eaton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 29th day of May, 1923, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 12th day of June, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Cregg Bros. & Rulison* [*Joseph A. Beal* and *H. V. Rulison* of counsel], for the appellant.

*Lee, Dowling & Brennan* [*William F. Dowling* of counsel], for the respondent.

DAVIS, J.:

On a former appeal the general facts out of which this action arose were stated. (See 204 App. Div. 566.) Notwithstanding that we then held the defendant, although a governmental agency, might be liable for its own negligence in failing to furnish a reasonably safe method for the transportation of children to and from school, and that it could not avoid such liability by delegating the performance of its duty to a contractor, these questions are again urged here. They cannot be considered. The facts are practically the same as on the former trial, except that the manner in which the accident occurred is more fully described. A judgment based on a decision of a controverted question of law must be for reasons of sound public policy thereafter conclusive on the parties, where on another trial the facts appear to be substantially the same. (*Chamberlain* v. *Taylor*, 105 N. Y. 185; *Ebling* v. *Dreyer*, 149 id. 460; *Fulton County Gas & Electric Co.* v. *Hudson River Tel. Co.*, 200 id. 287.) If we are in error, that fact must be determined by the court of last resort.

We fully appreciate the far-reaching effect which the principle we have stated as to the liability of school districts may have on the matter of expense of rural education, and the particular consequences which necessarily fall on the residents and taxpayers of this district. But we deem the protection of small, helpless children from avoidable injury of still greater importance. We have examined with more than ordinary care the facts in the record on appeal.

The grounds of negligence chargeable against the defendant herein are three: (1) The failure to guard the wheel of the vehicle in which the children were being transported; (2) the failure to provide a more suitable conveyance; (3) the failure to furnish proper and sufficient supervision.

The children were very young and small. They were obviously not of sufficient maturity of judgment or possessed with a sense of responsibility so that they might give proper attention to their own safety. It was necessary that those charged with the duty of conveying them to school should exercise independent judgment for their protection.

The wagon used was an old-fashioned platform spring wagon in common use some years ago for general family and farm purposes, and in liveries for carrying commercial travelers and others with their baggage. It was suitable for such use, but that does not mean that it was suitable for carrying small restless children unattended by their parents or by some one charged with their supervision.

There were ordinarily about twelve children to be carried, besides the driver. There were three seats one foot apart, with backs and a small iron rail extended from the back, part way around on the side about four or five inches above the cushion. The rear wheels extended an inch or more above the top of the wagon box. The wheels were unguarded, so that if a child on the rear seat fell over the slight rail, it would fall on this moving wheel. That is what happened here, and the child's leg was wound around the hub, while the driver continued until warned and stopped by the driver of an automobile coming from behind.

There was evidence submitted to the jury convincing to any practical mind that by simple mechanical means a guard might be attached covering the wheels and making such an accident practically impossible. Appellant's counsel argues that such guards are not to be found on this type of vehicle. This is undoubtedly true; but not a sufficient answer. The vehicle is being devoted to a new purpose, and a different measure of care must be applied than in the case of its use by adults. It might reasonably be anticipated that children crowded on a seat returning home at the end of a school day, would fall or be pushed over the small rail upon the wheel with almost inevitable injury. The failure to foresee such a contingency and to provide against it as an act of ordinary prudence, may, as a question of fact, be determined as negligence.

The transporting of children from one district to a school in another is a comparatively new enterprise. But there was evidence that in the nearby districts a different and safer type of vehicle was in somewhat common use for such purpose. A type of wagon was utilized in some districts having seats along the sides with a high back, so that the children sat with their backs to the wheels and their feet in the center of the wagon. It is reasonably clear

that this reduced the danger. The fact that such vehicles were in use could readily have been ascertained upon inquiry. None appears to have been made. The trustee contented himself in the discharge of his duty by contracting with a woman in the neighborhood to use her team and farm wagon to carry the children. The jury has said his duty was thereby not fully performed. We do not disagree with that conclusion.

At the time of the accident there were eight children in the wagon. The driver sat alone on the front seat; two children were placed on the middle seat, and five (including plaintiff) on the rear seat, forty-one inches wide. The plaintiff held one of the smaller children on her lap, but four of them occupied the seat. Plaintiff, then about nine years of age, says: " The kids were fooling and they were pushing each other and they pushed me out." The horses were admittedly gentle and slow. No great attention could be required in driving them. It clearly would have been advisable to make better distribution of the children on the seats, and to maintain some sort of supervision and control over them. The appellant's counsel calls attention to the fact that the driver was an elderly farm woman, who was accustomed to drive a team on all sorts of vehicles, and who did " plowing, dragging, horse raking and mowing machine." That she was capable of doing a man's work on a farm does not necessarily mean that she was a proper custodian of small children.

The defendant undoubtedly was not bound by the doctrine of *respondeat superior*, and could not be held liable for the negligent acts of the driver. (*Herman* v. *Board of Education*, 234 N. Y. 196.) But the duty of selecting a competent person as driver and custodian was that of the defendant. (*Carman* v. *Mayor of New York*, 14 Abb. Pr. 301; *Shrimpton* v. *Hertfordshire Co. Council*, 104 L. T. Rep. 145; *Baltimore & O. R. R. Co.* v. *Camp*, 65 Fed. Rep. 952, 958; *The Anaces*, 93 id. 240; *Ardmore Oil & Milling Co.* v. *Robinson*, 29 Okla. 79.)

It is claimed that plaintiff was guilty of contributory negligence because, it is said, she put out her foot on the wheel to let the spokes rattle against it, and her foot caught and she was pulled out; and that she was warned not to do so by the driver. The driver was not called as a witness because she had become insane before the trial. The evidence on this subject was elicited from the young children largely by direct question to them by the defendant's attorney, where only a simple affirmative reply was given. Evidently, the jury did not give great weight to evidence thus obtained, nor do we. It was a question of fact decided adversely to defendant.

The case was carefully tried; the instructions given the jury were unusually clear and explicit. We find no harmful error in the record.

The judgment and order should be affirmed, with costs.

All concur; Hubbs, P. J., not sitting.

Judgment and order affirmed, with costs.