### GILLILAND et al. v. YARD.

No. 26480. April 14, 1936.

Rehearing Denied May 12, 1936.

J. R. Charlton and Campbell & Ray, for plaintiffs in error.

Pennel & Harrison, for defendant in error.

PER CURIAM. H. V. Foster, trustee, the owner of certain real estate in Washington county, Okla., contracted in writing with A. R. Gilliland for the erection of certain lakes and dams thereon. Gilliland contracted in writing with M. M. Yard to do some of the work and dispute arose between the two last named parties on final settlement. Said Yard brought suit in district court of said county for about $5,000 alleged to be due him, and prayed for a lien upon said real estate. Yard recovered judgment substantially as prayed for. The correctness of such judgment is here involved.

Yard and Gilliland will be referred to as plaintiff and defendant, respectively, as designated in trial court.

Plaintiff's petition alleged the execution of the foregoing contracts in writing, that the second of which provided that Yard should do the concrete work on the dams, spillways, etc., and furnish all material, labor, equipment, etc., necessary therefor; the work to follow specification, and to satisfy the engineer in charge. The price of concrete was $12.50 per cubic yard, and all amounts due to be determined by said engineer. This contract dealt only with dam No. 1, but its terms were later by subjoined stipulation in writing extended to dam No. 2, except the price for concrete therein was reduced to $11 per yard.

That in the excavation for the second dam a considerable amount of water was encountered, compelling deeper excavations than originally planned. Thereupon Gilliland orally agreed to pay Yard extra for the additional excavation, and that the extra work should be proceeded with as upon a force account: that plaintiff fully performed said contract, and there was now due him $4,711.43: that he in apt time filed his lien. He also prayed for $750 attorney fee.

Gilliland's answer was a general denial, followed by an admission of the execution of the two written contracts, and also that plaintiff completed the work; but he alleged that plaintiff had been overpaid in the sum of $552.62, for which defendant demanded affirmative judgment.

The formal answer of the defendant Foster, trustee, was a general denial, followed by an admission that some $6,000 was still due Gilliland under the contract. Since the real issues herein are between Yard and Gilliland, the trustee will not be further referred to.

Upon application of defendant the case was referred to Hon. E. L. O'Neil, attorney at law, to hear and determine all issues of law and fact, and report his judgment and findings. Said referee made very clear-cut and comprehensive findings as to the facts and as to the law, and held that plaintiff should recover $4,599.70, with interest thereon at 6 per cent. from the 6th day of October, 1931, until paid, and $500 as attorney's fee. He declared same a lien upon the lands whereon the improvements were made. Thereafter the district court approved all of said findings and rendered judgment in conformity therewith.

Counsel for defendant makes nine assignments of error, but frankly states in his brief that all may be presented together, since they all go to one proposition; that is, "the insufficiency and inadmissibility of certain portions of plaintiff's evidence fundamentally necessary to his case." Defendant's counsel contends that there was reversible error made by the court in admitting plaintiff's exhibit No. 3 found at page 143 of the record, and plaintiff's exhibit No. 7 found at page 258 of the record. In effect, he admits that if these exhibits are properly in evidence, they constitute sufficient basis or foundation for plaintiff's judgment. But, on the other hand, if these exhibits are not admissible and are to be disregarded, nothing is left to support plaintiff's recovery.

Plaintiff has filed herein a motion for the dismissal of this appeal for failure of defendant to comply with Rule 25 of the Supreme Court. But we have decided from preference to treat this case upon its merits.

Perhaps a brief statement will promote a clear understanding of the real issues touching the merits of this case. It is quite evident that defendant grounded his defense in the first instance on the theory that there was no "extra work" for which the plaintiff was to be paid; that there was no "force account," and that plaintiff was to take care of the entire labor, material, and equipment account.

As the case progressed there was much evidence indicating that there was a force account or extra work to be paid for by defendant, and thereupon the defendant's position shifted somewhat to the contention that certain of the construction, the

ingredients of which were large rock, cement, and sand, did not come within the classification of concrete under the contract, and should not be paid for as such. When the proof developed strongly against him on this issue, defendant contended that plaintiff had not shown that he had laid any concrete for which he had not been paid, his full proposition being stated in the brief, as follows:

"In this case there were three questions involved: First, was there extra work done outside the contract or a force account, so-called? If there were then Yard was entitled to more compensation. * * * Second, is grout to be deemed concrete? If so, he was entitled to $11 per yard therefor. * * * Third, assuming * * * that there was a force account, and assuming that grout is concrete (both of which questions were answered in the affirmative by the referee) was there proof as to the amount of work done by the plaintiff, and the amount. * * * if any, due him?

"We shall * * * not argue the first two questions since there was evidence both ways and the referee found against us. But as to the third * * * we * * * cannot * * * find any legal evidence of any indebtedness existing in favor of Yard."

Was there competent evidence on the sole remaining issue as to indebtedness to the plaintiff? Our answer must be "yes." Plaintiff testified definitely that he had been paid for all extras and for all force accounts; that there was now due him for laying concrete $4,711.43, and that is the correct balance sought in the present suit; that the statement given him September 22, 1931, by the engineer in charge is correct and reflects the same balance due him. The statement of the engineer in charge, as well as other statements containing substantially the same information as shown by the exhibits hereinafter referred to, were before him. Each of these showed substantially the same number of cubic yards of concrete laid by him. He testified also as to the amount to be paid him for such work.

The engineer who was to determine the amount under the contract was dead. We know of no reason why plaintiff, who did the work, might not testify to these facts. There was no objection to this testimony; therefore, that issue would seem to be out of the way.

Defendant contends that the only evidence as to the amount of concrete laid by plaintiff appears in plaintiff's exhibits Nos. 3 and 7. We cannot agree. Substantially the same yardage of concrete is shown in exhibits B (attached to defendant's answer), plaintiff's

exhibit 4 (prepared by defendant or his bookkeeper), plaintiff's exhibit 6 (which was defendant's exhibit 6 at the prior hearing), and defendant's exhibit J (prepared by the engineer in charge), which exhibits went in without objection.

The fact is, the amount of this concrete was not in serious dispute. Since defendant concedes the finding to be correct as to extra work and as to what is concrete, and since the amounts paid by Gilliland were practically conceded, there remained simply a mathematical calculation.

After a study of this record we are convinced that the finding and judgment would have been the same if exhibits 3 and 7 had been entirely omitted, since the material facts therein disclosed appeared in other exhibits. In addition there were certain oral admissions made during trial. Such a finding disregarding exhibits 3 and 7 would have had proper support in the evidence. The rule in such case is found in Citizens First Nat. Bank v. Whiting, 112 Okla. 221, 240 P. 641; Metropolitan Casualty Ins. Co. v. Dolese Bros. Co., 163 Okla. 36, 20 P. (2d) 569.

The evidence in such exhibits was cumulative only. It is interesting to note that Gilliland, in a settlement with the landowner, took credit for the same or more concrete than appeared in said exhibits.

This lawsuit is accounted for, we think, because Gilliland's books were sadly out of balance. Many items appear to have been charged to plaintiff which were either shown or admitted to be improper. The seriousness of this may be seen from the fact that before this suit was brought **Gilliland** tendered to plaintiff a check for $2,076.73, not as a compromise, but as the balance reflected by defendant's books. This tender plaintiff promptly refused as insufficient. After suit, Gilliland's answer denied all liability, and alleged an overpayment of $552.62 to plaintiff, for which affirmative judgment was sought. Defendant's bookkeeper misinterpreted the contract, and seems to have been in ignorance of the relationship between the parties with respect to extra work.

We hold that under this record and these admissions it was not reversible error to admit exhibits 3 and 7. Indeed, it might be urged that the objection to exhibit 3 was not properly preserved (Ardmore Oil & Milling Co. v. Robinson, 29 Okla. 79, 116 P. 191); and that said exhibits are competent without respect to the state of the record or such admissions, upon the ground that

Crane, the engineer under the contract, was the agent of both parties. We are not called upon and do not pass upon either of these propositions.

The record and evidence show that this case has been properly decided, and that the contentions of defendant are without merit. The judgment therefore is affirmed.

The Supreme Court acknowledges the aid of Attorneys Crawford D. Bennett, W. A. Lybrand, and Duke Duvall in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bennett and approved by Mr. Lybrand and Mr. Duvall, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.