## STELLA C. HEIL *v.* CHARLES W. ZAHN

[No. 57, October Term, 1946.]

*Decided February 6, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Edward Oswald, Jr.,* with whom was *George N. Oswald* on the brief, for the appellant.

*Leo H. Miller,* with whom was *Paul C. Zahn* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Stella C. Heil, appellant, sued Charles W. Zahn, Executor of the Last Will and Testament of William David Hammond, deceased, appellee, in the Circuit Court for Washington County for services as housekeeper and nurse at the rate of $25 per week from January 2, 1939, to June 24, 1945. She claimed that the total amount which should have been paid her was $8,375. A credit was given of $1,005 and the balance for which she entered suit was $7,370. During that time the appellant admitted that she received an average of $3 per week, her room and board, but claimed that her services were worth much more than that amount and that Dr. Hammond agreed to pay a much larger sum. The suit is brought for the difference between the amount she received and her claim of $25 per week. The case was tried

before a jury which resulted in a verdict for the defendant, appellee here. From the judgment on the verdict the appellant appeals.

The declaration is brought under two common counts:

"1. For work done and materials furnished by the Plaintiff for William David Hammond, during his lifetime, at his request;

"2. And for money found to be due from William David Hammond, during his lifetime, to the Plaintiff on accounts stated between them."

And the third, a special count, follows: "3. And for that William David Hammond, during his lifetime, to wit on or about the 2nd day of January, 1939, employed the said Plaintiff to act as housekeeper and practical nurse and agreed to pay her for her services the sum of $25.00 per week; that the Plaintiff performed the services of housekeeper and practical nurse for the said William David Hammond from the date of her employment to the date of his death, on or about the 24th day of June, 1945, and, although she did all things necessary on her part to entitle her to receive wages at the rate of $25.00 per week under said contract of employment, the said William David Hammond did not pay the full amount to which she was entitled."

The suit is therefore a suit on *quantum meruit* and also on an express contract. This has never been considered faulty. It was said by this Court in the case of *Bright v. Ganas*, 171 Md. 493, at page 497, 189 A. 427, 428, 109 A.L.R. 467. "It has never been considered faulty pleading to include the common counts, when there is a count on an express contract. The practice in this State is to do both, or as said in *1 Poe Pl.*, [*& Pr.*] Sec. 583: 'In assumpsit a careful pleader, when declaring on a special contract, seldom omits the common counts'."

The case comes to this Court on three exceptions to the ruling of the Trial Court on the evidence. The first exception was taken when the appellant was testifying on cross-examination by counsel for defendant-appellee. She testified in part as follows:

"Q. You say you bought groceries, did the cleaning and scrubbing about the House? A. I did.

"Q. And you were perfectly satisfied with the arrangements and conditions under which you were working for those six years, were you not? A. I was not.

"Q. Were you compelled to stay there for any reason whatsoever? A. You heard the note, loyalty, I am loyal.

"Q. Other than loyalty, that was the reason you stayed, was it? A. No, I was promised more when he was able to pay it."

The attorney for the defendant, appellee, objected to the last answer. The Court sustained the objection and ordered that the answer be stricken out. The appellant assigns this ruling as error. Under the provisions of Article 35, Section 3, of the Code 1939 of Public General Laws of Maryland, in an action against an executor, a party to the cause is not allowed to testify as to any transaction had with or statement made by the testator unless called to testify by the opposite party. *Worthington v. Worthington*, 112 Md. 135, 142, 76 A. 46; *Whitridge v. Whitridge*, 76 Md. 54, 76, 24 A. 645; *Cross v. Iler*, 103 Md. 592, 596, 64 A. 33. We think the answer was responsive to the question and was admissible and should not have been stricken out. It would seem that a witness cross-examined by the opposite party is "called to testify by the opposite party". In any event when the opposite party asks a question he not only invites but requires an answer and thereby waives any right to object to a responsive answer.

The second exception was taken when the Court admitted in evidence the will of Dr. William Hammond, the testator, offered by the defendant, appellee, because it shows a bequest of $2,000 by the testator to Estella C. Heil. Estella C. Heil and Stella C. Heil are the same person. The appellant contends that the admission in evidence of this will violated the plain principle of the rule against hearsay evidence. If a legacy is less than the amount of the debt owing by the testator, the will is not presumed to be in satisfaction of the debt even if

the legacy is only slightly less than the amount of the debt. In the case of *Owings, Ex'rs v. Owings*, 1 Har. & G., 484, the testator owed two of his grandchildren each a sum of money. In his will he devised to these two grandchildren a tract of land and bequeathed to each of them the sum of $100. In deciding whether the legacy operated as a satisfaction of the debt, it was said by this Court at page 491 of 1 Har. & G.: "As to the position that the devise and bequest operated as a satisfaction of the debt, it is considered not to be sustainable, because it is well settled, that a devise of land is not considered in law a satisfaction of a pecuniary debt, nor can the legacy in this case operate that effect, because it is of a less amount than the sum due; * * *."

However, in the instant case the defendant, appellee, filed, among other pleas, pleas that his decedent did not promise as alleged, was never indebted as alleged, and "(3) That the said William David Hammond, during his lifetime, did not agree to pay for the services of the Plaintiff the sum of Twenty-five Dollars a week and the Plaintiff is not entitled to receive any additional wages for services performed for the said William David Hammond, she, the said Plaintiff, having been paid in full for all services rendered." The appellee denies the debt in its entirety. He offered the evidence of Dr. Scott R. Wagoner, Minister of the Zion Reformed and Evangelical Church, of Hagerstown, that Miss Heil, the appellant, told him that she was working for Dr. Hammond for a very small consideration, but she had been promised additional compensation in the will. The defendant, Mr. Charles W. Zahn, the Executor, testified that the plaintiff told him that Dr. Hammond said to her, "I am not paying you much, but when I die you will not only get in the hundreds, but you will get in the thousands." The will was properly admitted in evidence as part of the chain of circumstances. *Wilks v. Burns*, 60 Md. 64, 70; *Mannix v. Baumgardner*, 184 Md. 600, 607, 42 A. 2d 124. This is not the contract sued on here. The admissibility of the will would not be hearsay evidence on the part of the testator that he did not owe the account

sued on. In *Edelin v. Sanders*, 8 Md. 118, the executor
was sued on a bond which plaintiff claimed the testator
executed. The executor pleaded *non est factum* and the
Court there held that the burden of proof was on the
plaintiff to prove the execution and delivery of the bond.
The executor as defendant offered in evidence the testa-
tor's will which sustaind his plea of *non est factum*. This
Court held in that case at page 131 of 8 Md. that the will
should not have been offered in evidence and said, "To
allow it to be given in evidence, would be to permit a
party to testify in his own case and in his own behalf."
Such is not the case here. The will is not offered as testi-
mony from the testator that he did not owe the amount
claimed but merely to show the fact that by his will he
made a bequest to the plaintiff-appellant.

The third exception gives this Court more concern.
After the death of the testator there was found in his
handwriting a paper bearing the title, "Directions for
my Executor, Charles W. Zahn." The paper contained
18 instructions to the Executor. Two of these instruc-
tions, which were admitted in evidence, objected to by
the appellant, are as follows:

"15. There are no bills except current ones.

"17. If we're both gone, take your time in settling
the estate. Let Miss S. stay on until the house is disposed
of, if she wants to. Nobody has any valid claim to any-
thing here. I say this because people pop up with claims
and demands."

This memorandum was clearly hearsay and should not
have been admitted. A statement otherwise objection-
able as hearsay does not become competent because it
is reduced to writing. *Maryland Casualty Co. v. Davis*,
Tex. Civ. App., 1944, 181 S. W. 2d 107. In the case of
*Bennett's Estate v. Taylor*, 4 Neb. Unoff. 800, 1903, 96
N. W. 669, the plaintiff filed a claim against an estate for
compensation for services rendered as nurse and house-
keeper for the testator. The defendant sought to offer
in evidence the following item from the will of the testa-
tor. "4th. I give and bequeath to Harriet Taylor (the
plaintiff) of Omaha, Nebraska, in case she shall survive

me, the sum of Three Hundred Dollars ($300.00) in appreciation of faithful and efficient services rendered by her to my wife and myself for many years past." The Lower Court refused to receive this item in evidence and in upholding this ruling, the Nebraska Supreme Court said at page 803 of 4 Neb. Unoff at page 670 of 96 N. W.: "It is a universal principle of the law of evidence that declarations made by a party in his own favor, and in the absence of the adverse party, are not admissible; and we think this principle ought to govern in this case. The reason urged for its admission by the estate is that it was a declaration made by the testator to the effect that Mrs. Taylor had no such claim as she was pressing against the estate. His written declaration in a will are, to our minds, fully as objectionable as oral statement, and are not to be received."

The offering in evidence of this direction from the executor comes clearly within the rule laid down in the case of *Edelin v. Sanders,* 8 Md. 118, *supra,* and hereinbefore discussed. To admit it would be to allow the testator to testify in his own case and in his own behalf that he owed nothing to the plaintiff, appellant. As was said by this Court in the case of *Marshall v. Haney,* 9 Gill 251, at page 257, "We think the Court erred in overruling the defendant's objection and allowing this evidence to go to the jury, and shall disprove of this exception by a single reference to Greenleaf's Work on Evidence, Vol. 1, Sec. 163, where he says, 'the chief reasons for the exclusion of hearsay evidence, are the want of the sanction of an oath, and of any opportunity to cross-examine the witness. * * *' "

We must conclude that this memorandum made by the deceased was purely a self-serving declaration and hearsay and should not have been admitted. When read to the jury it constituted prejudicial error.

The appellee claims, in spite of the error, from the testimony before us, we should conclude that the case should have been taken from the jury and that, therefore, the verdict was right in spite of the error and the judgment should be affirmed. *Bowman v. Little,* 101 Md.

273, 297, 61 A. 223, 657, 1084; *Cook v. Hollyday,* 186 Md. 42, 45 A. 2d 761, 768. However, we do not have the whole testimony either in the appendices or in the typewritten record and we cannot pass upon that question.

*Judgment reversed, with costs, and new trial awarded.*