**EDWARDS et al. v. DISTRICT OF COLUMBIA.**

**No. 814.**

Municipal Court of Appeals for the District of Columbia.

Argued June 27, 1949.

Decided Aug. 5, 1949.

Leon A. Ransom, Washington, D. C., for appellants.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C. (Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellants Edwards and Goldreich were jointly charged with keeping for sale and selling alcoholic beverages without first

having obtained a license so to do.[1] Appellants Campbell, White and Shirley were jointly charged with the same offenses. By agreement all were tried together. A jury found all guilty. The offenses took place at a meeting or rally sponsored by several organizations. According to witnesses for the government Edwards and Goldreich were in charge of activities and the other appellants made the actual sales. Defense testimony was that no alcoholic beverage was sold on the premises, that it was served free of charge and with the hope and suggestion that voluntary contributions be made by those partaking of it in order to raise the expenses incidental to the activities.

The first assignment of error relates to the validity of a search warrant secured and executed after government witnesses had been to the premises and made purchases of whisky and beer. It is contended that the search warrant was invalid because execution of it was completed on Sunday, a few minutes after midnight of Saturday. For this contention reliance is had on the statute of 29 Car. 2, ch. 7, § 6, appearing in District of Columbia Code 1940, § 13—102, as follows:

"No person or persons, upon the Lord's day, shall serve or execute, or cause to be served or executed, any writ, process, warrant, order, judgment or decree (except in cases of treason, felony, or breach of the peace) but the service of every such writ, process, warrant, order, judgment, or decree, shall be void to all intents and purposes whatsoever; * * *."

■ Argument is made that the offenses charged were neither treason, felonies nor breaches of the peace and that therefore the search warrant served or executed early on Sunday morning was by the terms of the above statute void to all intents and purposes. This argument assumes that breach of the peace, as used in the statute, means an offense causing or tending to cause a public disturbance. We have found no local case interpreting this statute, but the Supreme Court in Williamson v. United States, 207 U.S. 425, 28 S.Ct. 163, 170, 52 L. Ed. 278, had before it the interpretation of article I, § 6, clause 1, of the Constitution which in part provides that senators and representatives shall be privileged from arrest during their attendance at the session of their respective houses "in all Cases, except Treason, Felony, and Breach of the Peace." It was there held "that the term 'treason, felony, and breach of the peace,' as used in the constitutional provision relied upon, excepts from the operation of the privilege all criminal offenses." [2] The constitutional phrase being identical with the statutory phrase, and both being taken from early English law, in our opinion they ought to be interpreted alike. Thus interpreted the statute does not prohibit service or execution of writs and process on Sunday in criminal cases. This interpretation is in accord with Rawlings v. Ellis, 16 M. & W. 172, 153 Eng.Rep. 1147 (1846), holding that the statute does not prohibit the arrest on Sunday of one guilty of any indictable offense.[3] Moreover, it has been held that the unlawful sale of liquor is a breach of the peace. State v. Reichman, 135 Tenn. 653, 188 S.W. 225, Ann.Cas.1918B, 889; Commonwealth v. Geibel, 13 Pa.Dist. & Co. 115.

■ Our conclusion is that the intervention of Sunday did not prevent a valid execution of the search warrant. Furthermore, we fail to see the relevancy of the validity of the search warrant to this case because under the ruling of the trial court no evidence seized under the warrant was used in evidence against appellants.

The next assignment is based on the assertion that evidence unlawfully seized cannot be relied upon for conviction. As before observed no evidence seized under the alleged invalid execution of the search war-

---

[1] Code 1940, § 25—109.

[2] See also Long v. Ansell, 63 App.D.C. 68, 69 F.2d 386, 94 A.L.R. 1466, affirmed 293 U.S. 76, 55 S.Ct. 21, 79 L.Ed. 208.

[3] All misdemeanors of a public nature were indictable offenses at common law.

[3] Comyns' Digest (1765) 504, 505; 2 Hawkins, Pleas of the Crown (7th ed. 1795) ch. 25, § 4; Archbold, Criminal Pleading, Evidence & Practice (30th ed. 1938) Part I, ch. 1, § 1.

rant was used in obtaining the convictions and we find no basis in the record for this claim of error.

██ The next assignment relates to the testimony of a government witness who, when asked on cross-examination to account for the marked money he took into the premises, replied that he spent $2 of it there in the purchase of lottery tickets. The purchase of lottery tickets was not relevant to the charges being tried, but since the testimony came in direct answer to appellants' cross-examination they are in no position to complain about it.[4] Appellants say, however, that prejudicial error was committed by the prosecuting attorney who in argument to the jury explained the failure to introduce the marked money by saying it had not been introduced because it could not be determined which was used for the purchase of whisky and which was used for "other purposes." Assuming that "other purposes" referred to the purchase of lottery tickets, we see no error prejudicial to appellants because there was no testimony or claim that appellants were in anywise connected with the sale of lottery tickets.

The final assignment charges error in the refusal of the trial court to grant a new trial on the affidavit of one of the jurors. This affidavit recited that the juror, at the time of the jury's deliberation, was convinced that at least two of the defendants were not guilty but, being informed by her fellow jurors that if any were guilty all must be found guilty, she concurred in the general verdict of guilty; and that had she correctly understood the instructions of the court she would have voted for acquittal of at least two of the defendants. The affi-davit does not identify the two defendants the juror would have voted to acquit.

██ The general rule in federal jurisdictions is that "the testimony of jurors should not be received to show matters which essentially inhere in the verdict itself and necessarily depend upon the testimony of the jurors, and can receive no corroboration." Hyde v. United States, 225 U.S. 347, 384, 32 S.Ct. 793, 808, 56 L.Ed. 1114, Ann. Cas.1914A, 614, affirming 35 App.D.C. 451. See also Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Hendrix v. United States, 219 U.S. 79, 31 S.Ct. 193, 55 L.Ed. 102. The latest expression we have found on this subject is in Rakes v. United States, 4 Cir., 169 F.2d 739, 745, certiorari denied, 335 U.S. 826, 69 S.Ct. 51, wherein the court, speaking through Judge Prettyman of the United States Court of Appeals for the District of Columbia, said: " * * * it is beyond doubt a settled rule that jurors in the federal courts will not be heard 'for the purpose of impeaching the verdict returned where the facts sought to be shown are such that they essentially inhere in the verdict.'" While the courts are unwilling to say that the rule is inflexible in all cases, they agree that only an extreme case will bring about an exception. Jordan v. United States, 66 App.D.C. 309, 87 F.2d 64, certiorari denied, 303 U.S. 654, 58 S.Ct. 762, 82 L.Ed. 1114; McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300. The affidavit in the present case does not present facts justifying an exception to the rule. Although the juror says she did not understand the court's instructions, appellants expressly concede that the instructions were complete and accurate.

Affirmed.

---

[4] Public Utilities Corporation v. Oliver, 8 Cir., 64 F.2d 60; Heil v. Zahn, 187 Md. 603, 51 A.2d 174; People v. Chacon, 102 N.Y. 669, 6 N.E. 303.